JAMES BAXTER

*v.*

G. W. LAMONT.

1. AGENT—*of a special agency.* A special agent, to bind his principal, must act within the special authority conferred, and a party purchasing of such agent is bound, at his peril, to know the extent of the agent's authority.

2. A party authorized another by letter to sell for him a certain tract of land. The portion of the letter creating the authority was as follows: "My terms are, parties purchasing it to assume the mortgage now on it, due in one and two years from the twenty-second day of last March, of

$5,275, the balance to be paid to me, one-third cash, the rest in one and two years, at eight per cent. Now, if you can sell it on those terms within a few days, you can sell it for $800 per acre net." The agent contracted a sale of the premises at $850 per acre on substantially the above terms, but with a condition giving the purchaser an option whether or not he would complete the purchase, allowing him thirty days after he was furnished with an abstract of the title, in which to decide, and with a further condition that, in case the title was not perfect, the vendor should pay $2,000 and all other damages and expenses. In an action by the purchaser against the vendor to recover damages for a failure to convey in compliance with the terms of the contract, the above conditions were regarded as exceeding the agent's authority, and hence the contract was not binding on the principal.

3. CONTRACT—*mutuality of obligation.* The owner of certain lands contracted to sell to another at a specified price. The vendor was to receive in payment for the same $50, cash in hand, and so soon as the vendee was satisfied with the title, a conveyance was to be made to him, when he was to pay the purchase money according to the terms of the agreement: *Held*, there was no mutuality in the contract for which the vendor could be compelled to perform.

APPEAL from the Superior Court of Cook County; the Hon. JOSEPH E. GARY, Judge, presiding.

Messrs. HIGGINS, SWETT & QUIGG, for the appellant.

Messrs. HOYNE, HORTON & HOYNE, for the appellee.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This was an action of assumpsit, to recover damages for a failure to comply with a contract to convey certain real estate in Cook county.

The contract declared on, arose out of the following letter:

· "JANESVILLE, April 21, 1870.

*Mr. E. N. Fay:*

Dear Sir: Your letter of yesterday, by the hand of Mr. Story, has been received, etc. In regard to the proposition made to exchange ten acres of my land at Irvin Park for a house and lot in Freeport, I can not think of it for a moment. I have an offer of $800 per acre net for it. Now I desire, if

I sell any, to sell the whole.   My terms are, parties purchasing it to assume the mortgage now on it, due in one and two years from the twenty-second day of last March, of $5,275, the balance to be paid to me, one-third cash, the rest in one and two years, at eight per cent.   Now, if you can sell it on those terms within a few days, you can sell it for $800 per acre net.   I am in receipt of letters daily in regard to that property.   I received a letter from a gentleman three days since, wishing to know the least I would take for it.   I wrote to him he might have it for $900 per acre on the terms above mentioned.

The property is not in the hands of real estate men to sell at present, excepting one party, and that at $1,000 per acre, and I think it will bring it by the first day of next June.

Yours respectfully,

G. W. LAMONT."

On the receipt of this letter, the party to whom it was addressed made the following contract with appellant:

"This agreement, made this twenty-third day of April, in the year of our Lord one thousand eight hundred and seventy, between G. W. Lamont, at Janesville, Wisconsin, of the first part, and James Baxter, of the city of Chicago, of second, Witnesseth, that the said party of the first part has this day bargained and sold to said Baxter the following described twenty acres of land in the county of Cook and State of Illinois, and more particularly described as follows, viz: Being in the northeast part of the southeast quarter of section 22, in the township of Jefferson and county of Cook and State aforesaid, for and at the price of $850 per acre, actual measurement, (no allowance for roads already made,) said to be twenty acres, and being all the land owned by said Lamont in said section 22 aforesaid, and to receive in payment for the same $50, cash in hand, and so soon as an abstract is placed in said Baxter's hands, which said Lamont agrees to furnish within a reasonable time, then said Baxter has thirty days to examine the

same, and so soon as he is satisfied with said title, a warranty deed is to be signed by said Lamont and wife (if married,) in the usual form ; and it is agreed that then the said Baxter shall pay, or cause to be paid, to said Lamont, the sum of three thousand seven hundred and fifty dollars ($3,750,) and assume a certain mortgage on said premises of $5,275, payable in one and two years from the twenty-second day of March last, and the balance of said purchase money to be paid, half in one year, and balance in two years; all of the unpaid principal to bear interest at eight per cent per annum, payable with each payment as it becomes due and payable, and the said Lamont binds himself under a penalty of $2,000, in case the title is not perfect to said twenty acres of land, and which amount he agrees to pay said Baxter in such case, as also all other damages and expenses."

To the action the defendant pleaded the general issue, with notice of special matter, which it is not necessary to notice.

The jury found for the defendant, and the plaintiff brings the record here by appeal.

The question presented is one of fact. Was the agent, Fay, authorized by the letter of April 21st to make the contract sued on? Comparing the contract made, with the authority conferred by that letter, the answer must be, as the jury found, in the negative.

The letter authorizes an absolute sale at a stipulated price, on specified terms; the contract gives to the purchaser an option. There is no warrant for this in the letter. The purchaser, by the contract, had the option to forfeit the $50 or complete the contract, and he had thirty days after the abstract should be placed in his hands in which to decide. And this forms another objection to the contract made by Fay. There is no mutuality in it, for whilst Lamont could be compelled to perform, appellant could not be so compelled. In addition, the agent has contracted that Lamont shall pay $2,000 in case his title is not perfect, and all other damages

and expenses. It is very clear no such authority was given Mr. Fay by the letter of April 21st.

Fay was a special agent for a special purpose, and it was the duty of appellant to know the extent of his authority. This he was to see to at his peril. *Peabody* v. *Hoard*, 46 Ill. 242.

These are the only points deemed important to be noticed, and they dispose of the case.

The judgment is affirmed.

*Judgment affirmed.*