# WILLIAM H. HOYT

*v.*

# JACOB R. SHIPHERD *et al.*

| 70 | 309 |
| 24a | 139 |
| 70 | 309 |
| 28a | 174 |
| 70 | 309 |
| 159 | 282 |
| 70 | 309 |
| 168 | 611 |
| 70 | 309 |
| 107a | 627 |

1.  SECONDARY EVIDENCE—*contract from report of case.* It is error to allow in evidence what purports to be a contract of sale, from a volume of the reports of this court, against objection, as it is not the best evidence of its terms. If the original was lost or destroyed, on proof of that fact, secondary evidence of its contents might be introduced. In such a case, if the contract was correctly copied into the bill of exceptions, this would be competent evidence of its terms and contents, but without proof that the contract set out in the opinion of this court as published, was the same as that copied in the bill of exceptions, the report of the case is not admissible.

2.  CONTRACT—*agent's right to commissions for selling land.* Where real estate agents were authorized to sell real estate for $48.000, one-third cash in hand, and the balance to remain in mortgage one and two years, with interest at eight per cent, for which the agents were to receive a commission of two and a half per cent, and the agents sold the property for the required price, one-third to be paid in twenty days, without interest, the balance to be secured by a deed of trust and note, and the purchaser afterwards refused to complete the purchase, for certain objections to the title: *Held*, that the sale not being such as the agents were authorized to make, in the absence of proof of a ratification, they were not entitled to recover the commissions agreed upon.

3.  AGENCY—*right to recover compensation from principal.* In order to entitle an agent to recover compensation from his principal, for services rendered in respect to the subject matter of the agency, he must act strictly according to the authority conferred upon him.

4.  Where the owner of land authorized real estate agents to sell lands purchased by him, and informed them that he had no deed for the same, but held it under a contract, and the agents made a contract for the sale of the land, which the purchaser refused to complete, because the vendor had only a contract of purchase, there being no other defect in the title, it was *held*, that the agents were not entitled to recover the agreed commissions on the sale, as it proved abortive without any fault on the part of their principal.

APPEAL from the Superior Court of Cook County; the Hon. JOSEPH E. GARY, Judge, presiding.

This was an action of assumpsit, by Jacob R. Shipherd and Benjamin J. Sweet, for the use of Jacob R. Shipherd, against William H. Hoyt. The opinion of the court gives the facts of the case in substance. The plaintiffs recovered judgment for $1200 and costs, in the court below, and the defendant appealed.

Messrs. LYMAN & JACKSON, for the appellant.

Mr. T. LYLE DICKEY, for the appellees.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was an action of assumpsit, brought by appellees, against appellant, in the Superior Court of Cook county, to recover commissions on an alleged sale of real estate by appellees for appellant.

On the trial of the cause, the jury returned a verdict for appellees for $1200. A motion for a new trial was overruled, and judgment rendered upon the verdict.

Appellant relies upon two points to reverse the judgment:

*First.* The court erred in permitting appellees to read to the jury from the opinion of the court in Vol. 55 of Illinois Reports, on page 476, what purported to be a contract of sale from Hoyt, by Shipherd, Sweet & Co., agents, to Underwood.

*Second.* The verdict is not sustained by the evidence.

It was clearly error for appellees to read from the volume of reports what purports to be a contract, against the objection of appellant. This was not the best evidence. If the contract was lost or destroyed, it was proper, upon proving that fact, to introduce secondary evidence of its contents. If the contract was correctly transcribed in the bill of exceptions, this would be competent evidence of its terms and contents. It nowhere appears that the contract, as read from the opinion, was the same as that inserted in the bill of exceptions. But even admitting the contract was properly in evidence, we do not think the evidence justified a recovery

for appellees, even on their own theory of the terms of the authority given them to sell by appellant.

Shipherd, one of the appellees, testifies that appellant gave their firm authority in writing to make the sale. The instrument authorized the property to be sold for $48,000, one-third cash, the balance to remain on mortgage for one and two years, with interest at eight per cent; sale to be made subject to a commission of two and a half per cent to Shipherd, Sweet & Co.

The contract of sale appellees claim was made, is substantially as follows: "Sale to Underwood, purchase price of land $48,000; terms, $16,000 to be paid in twenty days from date, balance in one and two years; warranty deed to be given if first payment is made as above, remainder to be secured by a trust deed and note. Failure or refusal to make the first payment within the time stated, to make the contract null and void. Money to be refunded in case of valid objection to the title, otherwise to be retained as liquidated damages, if the payment is not made; time declared to be of the essence of the agreement. $600 acknowledged to be received on said first payment, $600 more to be paid on or before the 24th instant. Dated Chicago, 22d February, A. D. 1869.

"[Signed]                          W. H. HOYT,

"By SHIPHERD, SWEET & Co., Agents."

According to Shipherd's own evidence, one-third of the purchase money, under his authority to sell, was to be paid cash down, and by the contract he made he gave twenty days for the purchaser to make the payment. No provision is made for interest on the deferred payments. If the first payment is not made in the time limited, the contract is to be void. The $600 was to be refunded in case of valid objection to the title, otherwise to remain as liquidated damages, if the payment due in twenty days is not paid. Appellees had no authority to sell on these terms, and the attempted sale having been made without authority, was not binding.

The rule is well settled, that an agent can not go beyond

his authority, and he must act strictly according to the power conferred on him. *Thornton* v. *Boyden*, 31 Ill. 210. See also *Baxter* v. *Lamont*, 60 Ill. 237.

It would be manifestly unjust to permit appellees to recover commissions on a sale unauthorized, and from which appellant has derived no benefit.

It is, however, insisted by appellees that appellant ratified the contract after it was made. Shipherd testifies that appellant ratified the contract. This, appellant denies. Appellant seems to be corroborated on this point by Shipherd's own evidence. He says he sent a receipt to appellant to be signed, for the $1200 he had received. This was for the very purpose of obtaining a ratification of the contract, but appellant refused to sign it.

There can be no pretense, from the evidence in this case, that appellant has acted unfairly. Boker, who was in some way interested with appellees in commissions on such lands as they should sell, called on appellant, and solicited the sale of this property. Appellant informed him he had just purchased it, and held it by contract, and did not know how the title stood. Boker, acting for appellees, still urged that the land should be placed in the hands of appellees for sale. This notice in regard to the title, to Boker, was notice to appellees, for whom he was acting.

Appellees now claim the sale they made to Underwood was not consummated, for the reason the title was defective, and Underwood refused to take the property on that ground. This may all be true, and still no blame can be imputed to appellant. He notified appellees, before they undertook the sale, that he held title by contract, and as no other defect appears, from the evidence, to the title, they were in no way deceived.

Appellees, with full knowledge of appellant's title, undertook to sell. Their commissions depended on a sale. No sale has been effected, and we do not think appellees entitled to commissions.

The judgment of the circuit court will be reversed.

*Judgment reversed.*