THE PENNSYLVANIA COMPANY

*v.*

ALBERT VERSTEN.

*Filed at Ottawa March 24, 1892.*

1. REMOVAL OF CAUSE—*to United States court—sufficiency of affidavit.* An affidavit upon which a petition is based for the removal of a cause from a State court to the Circuit Court of the United States, which states that from prejudice or local influence the defendant will not be able to obtain justice in the court where the action is pending, or in any other State court to which the defendant, under the laws of this State, has the right, on account of such prejudice or local influence, to remove said cause, is wholly insufficient to give the right to a removal of the cause, for the reason it is in the alternative, and argumentative and ambiguous.

2. Under the act of Congress of 1887, to entitle a party to have a cause removed to the United States court on account of prejudice or local influence, the court must be legally (not merely morally) satisfied of the truth of the allegation that from prejudice or local influence the defendant will not be able to obtain justice in the State court. The affidavit should be by a credible person, and should contain a statement of facts sufficient to evince the truth of the allegations therein contained.

3. APPEAL—*finding of Appellate Court conclusive as to facts.* The judgment of the Appellate Court affirming that of the trial court in an action sounding in damages or based on a tort, conclusively settles all questions of controverted fact in favor of the finding below. It therefore decides that the verdict of the jury was authorized by the evidence. In such case the appellant can not be allowed to show that the facts were not passed upon by the Appellate Court.

4. PRACTICE IN APPELLATE COURT—*passing on questions of fact—opinion not part of the record.* What the Appellate Court may have found the facts to be, or whether it has passed upon all controverted questions of fact, can not be determined by what that court has said in its opinion. The opinions of that court are not a part of the record, and the clerk can not make them so by copying them into the transcript of the record.

5. The Appellate Court is required to pass on all controverted questions of fact, but it is not required to state in its opinion that such duty has been performed, nor by what process of reasoning it reaches its conclusions; and what that court may have assigned as reasons for its decisions can in no way affect the correctness of its judgment.

6. WITNESS—*plaintiff testifying—instructing jury as to consideration of his interest.* An instruction to the effect that the jury may take into consideration the plaintiff's interest in the result of the suit, is properly refused, as singling out the plaintiff when the same test of credibility is applicable to other witnesses in the case.

7. SAME—*interest does not disqualify.* By the statute, interest in the event of a suit, as a party or otherwise, does not disqualify a person as a witness, but such interest may be shown for the purpose of affecting his credibility. That test, when applied, must extend to all witnesses alike who are interested, either as parties, agents, or servants of parties, or otherwise; and when asked, it is the duty of the court to tell the jury what are the legal tests in weighing the testimony of witnesses.

8. INSTRUCTIONS—*refusing all—giving on motion of court.* The refusal of all the instructions asked by a party, when the court, on its own motion, gives a series to the jury covering all the material points in the case, which are as favorable to the party as the law of the case will allow, will be no error of which he may complain.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. JOHN P. ALTGELD, Judge, presiding.

Mr. GEORGE WILLARD, for the appellant:

The law required the Appellate Court to pass upon questions of fact as well as questions of law. *Pennsylvania Co.* v. *Backes,* 133 Ill. 255.

The court refused all instructions asked by appellant and gave one of its own. Some of those asked are satisfactorily embodied in the court's instruction, while others are not so

embodied, and still others are omitted altogether. If the court refuses proper instructions as asked, it must embody them, either literally or in substance, in one prepared on its own motion. *Insurance Co.* v. *Pulver*, 126 Ill. 329.

The court erred in denying the petition for the removal of the cause. *Short* v. *Railroad Co.* 34 Fed. Rep. 225; 33 id. 114; *Whelan* v. *Railroad Co.* 35 id. 849; *Hills* v. *Railroad Co.* 33 id. 81; *Kaitel* v. *Wylie*, 38 id. 865; *Pennsylvania Co.* 137 U. S. 451.

Mr. LEMUEL M. ACKLEY, and Mr. GEORGE W. BRANDT, for the appellee :

The fact of the affirmance of the judgment necessarily implies that the Appellate Court found that the verdict was not against the weight of the evidence. *Railroad Co.* v. *Lewis*, 109 Ill. 120; *Pennsylvania Co.* v *Backes*, 133 id. 255.

The reasoning of the Appellate Court in its opinion is no part of the record. *Houston* v. *Williams*, 13 Cal. 24.

There was no error in the instructions. The petition for the removal of the cause to the United States Circuit Court was not sufficient, in failing to state facts showing prejudice or undue influence. *McDermott* v. *Railroad Co.* 38 Fed. Rep. 529; *Hakes* v. *Burns*, 40 id. 33; 24 U. S. Statutes at Large, 553; Foster's Fed. Prac. 575.

Mr. JUSTICE WILKIN delivered the opinion of the Court :

This is an action on the case, by appellee, against appellant, a railroad company, to recover damages for a personal injury alleged to have been received through the negligence of appellant's employes in the management of one of its trains on which appellee was a passenger. On a trial in the Superior Court of Cook county plaintiff had judgment for $5000 and costs of suit, and that judgment has been affirmed by the Appellate Court.

On this appeal it is insisted that the Appellate Court erred in not deciding whether the verdict of the jury in the Superior Court was against the weight of evidence. For the facts upon which to base this point the opinion of the Appellate Court, incorporated into the record, is relied upon. We have uniformly held that the judgment of the Appellate Court affirming that of a trial court, in actions like this, conclusively settles all questions of controverted fact in favor of the finding below. The Appellate Court, by affirming the judgment of the Superior Court, has therefore decided that the verdict of the jury was authorized by the evidence.

But it is said the opinion of the Appellate Court shows the contrary. If we have been right in our ruling as to the conclusive effect of the judgment of affirmance in that court, appellant can not be allowed to show that the facts were not passed upon. We have many times decided that what the Appellate Court found the facts to be, or whether it had passed upon all controverted questions of fact, could not be determined by what was said in its opinion. It is contended, however, that in those cases the opinions were not made part of the record, and therefore the decisions are not applicable here. We are at a loss to see how the opinions of the Appellate Courts of this State can be said to be a part of the records of those courts, and if they are not, clearly the clerk can not make them so by writing them into the record. All that the statute requires of those courts is, that when a decision is reached the reasons for it shall be briefly stated in writing, and filed. To say that error can be assigned upon that writing seems little less than absurd. Those courts are required to pass upon all controverted questions of fact, but they are not required to state in their opinions that such duty has been performed, nor by what process of reasoning they reach their conclusions. Our inquiry in cases from those courts, on appeal or writ of error, can only be, was error committed in rendering the judgment appealed from, and in cases like this that inquiry

is confined to errors of law. What the court below may have assigned as reasons for its decision can in no way affect the correctness of its judgment, however instructive it may be in ascertaining the points upon which the case was considered and decided in that court.

We think it clear that for the purpose of reviewing the judgment of an Appellate Court of this State the opinion filed in the case is in no sense a proper part of the record. The cases of *Gross* v. *Mortgage Co.* 108 U. S. 477, and *Adams County* v. *Railroad Co.* 112 id. 123, cited by counsel for appellant as holding that opinions of courts required to be filed by law become a part of the record, do not. militate against this view. In the one case it was held, that inasmuch as the opinions of this court were required by the statute of Illinois to be filed and spread upon the records of the court, such opinions were parts of the record to the extent that the Supreme Court of the United States might examine them, together with other parts of the record, for the purpose of determining whether a federal question was involved; in the other, that the opinion of the Supreme Court of Iowa, incorporated into a record, might be examined for the purpose of determining what construction was placed upon language in a decree.

The second point raised is, that the Appellate Court adopted erroneous views of the law, and the argument upon this point amounts to no more than a criticism upon the opinion of that court. For the reasons above stated the correctness of the reasoning in that opinion has nothing to do with the questions which we must decide.

Complaint is next made that the trial court erred in giving and refusing instructions. All those asked by the defendant were refused, not, we assume, because the trial judge considered them all erroneous, but because he, of his own motion, gave a series of instructions to the jury covering the law of the case. We have examined these instructions, and given attention to the criticisms made upon some of them by the

41—140 ILL.

learned counsel for appellant. We are unable to agree with him in his contention that they are misleading, or inaccurate as propositions of law applicable to the case. They are certainly as favorable to the appellant as the law of the case would justify, and we think covered all the material points in the case. The thirteenth asked by appellant, to the effect that the jury might take into consideration the plaintiff's interest in the result of the suit, was properly refused, because in directing the jury to apply the test of interest in weighing the testimony, it singled out the plaintiff, whereas the same test was applicable to other witnesses in the case. (*Phœnix Ins. Co.* v. *LaPointe*, 118 Ill. 389.) Relieved of that objection the instruction would have been proper. It is in no sense telling the jury who to believe or disbelieve, nor an attempt to control the minds of the jury, either of which was said to be improper in *Clevenger* v. *Curry*, 81 Ill. 431. Under the rules of evidence, in weighing the testimony of witnesses certain tests are properly applied, and if asked to do so in a proper instruction, it is the duty of the court to tell the jury what those tests are. By our statute, interest in the event of a suit, as a party or otherwise, does not disqualify a person as a witness, but such interest may be shown for the purpose of affecting his credibility. That test, when applied, must extend to all witnesses alike who are interested, either as parties, agents, or servants of parties, or otherwise.

Pending the action, appellant filed a petition in the Superior Court asking to have the case removed to the Circuit Court of the United States, "on account of prejudice or local influence," which petition was overruled, and that decision is assigned for error. Waiving all other objections to the petition, the affidavit upon which it was based was wholly insufficient. It is as follows: "Thos. D. Messler, being duly sworn, says he is vice-president of the Pennsylvania Company, the defendant in the above entitled cause, and that from prejudice or local influence the said defendant will not be able to obtain justice

in the said Superior Court of Cook county, or in any other State court to which the said defendant may, under the laws of the State of Illinois, have the right, on account of such prejudice or local influence, to remove said cause."

It is expressly decided in *Ex parte Pennsylvania Co.* 137 U. S. 451, under the act of 1887, to entitle a party to have a cause transferred on account of prejudice or local influence the "court must be legally, not merely morally, satisfied of the truth of the allegation that from prejudice or local influence the defendant will not be able to obtain justice in the State court," and it is there said: "Legal satisfaction requires some proof suitable to the nature of the case,—at least an affidavit of a credible person, and a statement of facts in such affidavit which sufficiently evinces the truth of the allegation." It is true, Justice BREWER, rendering the opinion of the court in *Short* v. *Railroad Co.* 34 Fed. Rep. 225, says, if the question were presented he would be inclined to hold that an affidavit alleging, in plain and unequivocal terms, that such local prejudice or local influence exists, would be sufficient. But that is in no sense a decision of the court, because the question was not presented. Even under the rule there announced this affidavit would be wholly insufficient. It is neither certain nor specific in the allegation as to the cause for a removal. It states in the alternative that the defendant will not be able to obtain justice on account of prejudice *or* local influence. Suppose the plaintiff sought to traverse the allegation, as Justice BREWER says he may do, must he disprove both prejudice and local influence? The defendant has sworn to neither as a fact. In other words, the affidavit is both argumentative and ambiguous.

We find no reversible error in this record.

*Judgment affirmed.*