## City of Dixon v. Robert H. Scott.

1. WITNESSES—*The Test of Interest*—*Instructions.*—When the test of interest is applied in an instruction it should extend to all witnesses who are interested either as parties, agents or servants of the parties or otherwise.

**Trespass on the Case,** for personal injuries. Trial in the Circuit Court of Lee County; the Hon. JAMES S. BAUME, Judge, presiding. Verdict and judgment for plaintiff. Appeal by defendant. Heard in this court at the December term, 1898. Affirmed. Mr. Justice CRABTREE, dissenting. Opinion filed April 11, 1899.

H. A. BROOKS, H. S. DIXON and WM. BARGE, attorneys for appellant.

MORRISON & BETHEA, attorneys for appellee.

MR. PRESIDING JUSTICE DIBELL delivered the opinion of the court.

This case was before us at a former term. We refer to our opinion reported in 74 Ill. App. 277, for a statement of the facts as they then appeared. After the cause was remanded it was again tried in the court below, and plaintiff obtained a verdict and judgment for $1,650. The city again appealed to this court. Afterward plaintiff died, and Robert Scott, administrator of her estate, has been substituted here as appellee.

Upon the second trial plaintiff offered further evidence and made a stronger case. We are of opinion the proof shows the city had both constructive and actual notice that the walk was out of repair, and for a sufficient length of time before the injury, so that in the exercise of ordinary diligence it should have been repaired; that Mrs. Scott was exercising due care for her personal safety, and was injured because of the defective condition of the walk, and has a meritorious cause of action. We would be better satisfied if the verdict were for a less amount, for we still think

some of the symptoms of which she most seriously complained were the result of other causes; but the case has now been passed upon by two juries and two trial judges, and they have all approved substantially the same sum as a proper award for the injury, and we do not feel disposed to interfere further on the ground the damages are excessive.

Appellant has not pointed out any error in the rulings of the court upon the evidence. The court refused the twelfth instruction offered by defendant. It was a repetition of given instructions, except the following words: "Ordinary care must be determined by the consideration of all the circumstances in the case." The principle thus stated was not, in distinct terms, embodied in any given instruction. Though awkwardly expressed, we think it might well have been given; but the duty of the jury to determine from the evidence whether plaintiff exercised due care was distinctly laid down in the given instructions, and the jury were told that if plaintiff had failed to prove by a preponderance of evidence that she was exercising reasonable care just before and at the time of the accident, then she could not recover. We are of opinion the proof shows she was exercising due care, and that if the twelfth instruction had been given, a different verdict would not have been rendered, and the defendant has not been harmed by its refusal.

Defendant's twenty-first instruction, as offered, told the jury that in determining the credit to be given to plaintiff's testimony, it was their duty to consider her interest in the result of the suit. The court so modified it as to tell the jury that in such case they were authorized to consider her interest. It was proper to refuse it as offered, because it singled out the plaintiff, whereas the same test was properly applicable to other witnesses who testified for defendant, such as A. C. Bardwell, an attorney who tried the case for the city the first time; A. J. McDougall, engineer for the electric light company which had a contract with the city to furnish lights for the streets at the time of the injury; James McCarroll, who was then city sidewalk

inspector; C. H. Keyes, who was an alderman and chairman of the sidewalk committee. When the test of interest is applied in an instruction it ought to extend to all witnesses who are interested, either as parties, agents or servants of the parties, or otherwise. (Penn. Co. v. Versten, 140 Ill. 637.) In the form the instruction was given it was not erroneous. We are of opinion that the objections presented in argument to the rulings of the court upon the other instructions are not well founded. The court gave sixteen instructions for the defendant, and the jury were fully and strongly instructed in its behalf.

The judgment will be affirmed.

CRABTREE, J., dissenting.

Being of the opinion that the damages are excessive, I dissent from the conclusions of the majority of the court in affirming the judgment.