The City of Dixon

*v.*

Robert H. Scott, Admr.

*Opinion filed October 13, 1899.*

1. Instructions—*instruction should not call attention to credibility of specified witness.* An instruction which authorizes the jury to consider the interest of a specified witness in the result of the suit in determining his credibility is properly refused where other interested witnesses testified.

2. Same—*when an instruction on credibility of witness may be refused.* The refusal of an instruction that the interest of a witness might be considered in determining what credit, "if any," should be given to his testimony, cannot be complained of when he was not impeached or shown to be unworthy of credit.

3. Same—*when assumption of fact in instruction will not reverse.* That an instruction in an action for personal injuries assumed that a

city had notice of a defect in a walk cannot be complained of when the defendant's instructions properly gave the law to the jury on that point.

4. NEGLIGENCE—*what not necessary to constitute negligent act the proximate cause of injury.* It is not necessary that the particular injury and the particular manner in which it occurred might reasonably have been expected to follow from the negligent act complained of, to make such act the proximate cause of the injury.

, *City of Dixon* v. *Scott*, 81 Ill. App. 368, affirmed.

APPEAL from the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of Lee county; the Hon. JAMES S. BAUME, Judge, presiding.

H. A. BROOKS, H. S. DIXON, and BARGE & BARGE, for appellant.

MORRISON & BETHEA, for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

The first judgment for the plaintiff in this case was reversed by the Appellate Court, (74 Ill. App. 277,) but on the second trial the plaintiff secured another judgment, which has been affirmed. The only questions raised by appellant on this appeal which we can consider relate to the instructions.

The action was case for an injury to the plaintiff caused by a defective sidewalk, and the defendant asked this instruction:

"The court instructs the jury that in determining what credit, if any, should be given to the plaintiff's testimony, it is the duty of the jury to take into consideration the interest which the plaintiff has in the result of this suit as a party to this case."

The court modified that part of the instruction after the word "testimony" so as to read, "the jury are authorized to take into consideration and consider the interest which," etc., and gave the instruction as modified. Ap-

pellant insists here that in this the court erred. The evidence tended to prove that other witnesses testified in the case who were interested in the result of the suit, and we have held that in such cases it is not error to refuse an instruction which singles out one such witness and applies to him only this test of credibility. (*Pennsylvania Co.* v. *Versten*, 140 Ill. 637.) True, the môdification did not relieve the instruction of this defect, but it changed its peremptory character, and as given was, as an entire proposition, more favorable to the defendant than it was entitled to. The court would also have been justified in refusing it altogether for another reason. It is not pretended that the plaintiff was in any way impeached, or that there was any evidence (upon which an instruction could have properly been based) that the jury might refuse to give any credit whatever to her testimony in making up their verdict, yet the instruction in question, by the words "if any," contained an implication by the court to the jury that the plaintiff might not be entitled to *any* credit as a witness. Whether, if the verdict had been against the plaintiff and she had complained of this instruction, she would have been entitled to a new trial, it is not necessary here to decide, for a defect in an instruction may justify its refusal, but may not be sufficiently harmful to reverse the judgment where the instruction is given. (*Devlin* v. *People*, 104 Ill. 504.) We are of the opinion that the appellant has no ground of complaint in the ruling of the court in giving the instruction as modified. *Phenix Ins. Co.* v. *LaPointe*, 118 Ill. 384.

The court decided properly, also, in refusing the defendant's third instruction having reference to the question of proximate cause of the injury. This instruction would have told the jury that if "it was not natural or reasonable to expect or anticipate that Mrs. Kost, or any one else, would step on the end of one of said planks and cause the other end to tip up, and thereby trip or cause the plaintiff to fall and receive the injury complained of,"

then the plaintiff could not recover. In order to make the negligent act of appellant the proximate cause of the injury it was not necessary that the particular injury and the particular manner in which it occurred might reasonably have been expected to follow from such negligent act. In 16 Am. & Eng. Ency. of Law, 438, the author says: "Consequences which follow in unbroken sequence, without an intervening cause, from the original wrong, are natural; and for such consequences the wrongdoer must be held responsible, even though he could not have foreseen the particular results, provided that by the exercise of ordinary care he might have foreseen that some injury would result from his negligence." It would be very unreasonable to make the liability of the defendant depend on the question whether the precise injury complained of and the manner of its occurrence ought to have been foreseen. *Pullman Palace Car Co.* v. *Laack*, 143 Ill. 242.

The refusal to give other instructions asked by the defendant is assigned as error, but we are of the opinion that the assignment is not sustained. It is unnecessary here to mention these instructions in detail. The court gave sixteen instructions at the request of the defendant, covering every important phase of the case, and we find none refused, important to the defense and correct in themselves, which were not rendered unnecessary by those given. Nor can we agree with counsel for appellant that the instructions given at plaintiff's request assumed that the city had notice of the defect in the walk. Besides, the instructions given at the instance of the defendant properly informed the jury of the law on this branch of the case.

We find no error, and the judgment must be affirmed.

*Judgment affirmed.*