# Elbert C. Wicks, Appellee, v. Cyrus D. Wheeler, Appellant.

## Gen. No. 4,901.

1. ASSUMPSIT—*when does not lie.* Assumpsit does not lie in the absence of an express or implied promise.

2. ASSUMPSIT—*what does not waive question of impropriety of action.* No estoppel to urge that the action of assumpsit was the inappropriate remedy arises by virtue of procuring the court to give instructions submitting questions of fact to the jury, after the court has ruled upon the propriety of the action.

3. LANDLORD AND TENANT—*when former cannot recover of purchaser of crop.* In the absence of a promise upon the part of a purchaser to pay the rent out of the proceeds of the crop purchased, a landlord has no cause of action against such purchaser unless the landlord has perfected a lien by distress or unless some act of fraud has been perpetrated by such purchaser which impaired or destroyed the landlord's security for the rent.

4. EVIDENCE—*what does not cure error in admitting erroneous.* The exclusion of erroneous evidence after it has been admitted and heard by the jury does not necessarily cure the error in the admission; especially is this true where the excluded evidence was improperly commented upon in argument to the jury.

5. ARGUMENTS OF COUNSEL—*what improper.* It is improper for an attorney to comment upon evidence which has been excluded by the court.

6. ATTORNEY AND CLIENT—*propriety of former becoming witness.* It is professionally improper for counsel in a cause to testify therein. If counsel becomes a witness the proper course is for him to withdraw from the cause as attorney.

Assumpsit. Appeal from the Circuit Court of La Salle County; the Hon. EDGAR ELDREDGE, Judge, presiding. Heard in this court at the October term, 1907. Reversed and remanded. Opinion filed March 11, 1908.

McDOUGALL & CHAPMAN, for appellant.

BUTTERS, ARMSTRONG & FERGUSON, for appellee; JAMES F. McCORMICK, of counsel.

MR. PRESIDING JUSTICE WILLIS delivered the opinion of the court.

Wicks v. Wheeler.

Cyrus D. Wheeler, appellant, operated a grain elevator and entered into a contract with one Sampson, a tenant on a farm owned by Albert C. Wicks, appellee, to purchase 2,000 bushels of corn at .51 per bushel. The tenant delivered 780 bushels and then sold the rest to some one else, got the money and left the country. Wicks brought this suit in assumpsit against Wheeler in the Circuit Court of LaSalle county, to collect $330 of unpaid rent, and filed a declaration containing the consolidated common counts in assumpsit. Appellant interposed the plea of the general issue. There was a trial and a verdict for appellee for $330, motion for a new trial overruled, judgment on the verdict and this appeal.

It is urged that a recovery cannot be maintained in assumpsit. With this we are in accord, unless appellant promised to keep appellee's rent out of the purchase price of the corn. Assumpsit will not lie for recovery in the absence of an express or implied promise, because the landlord had no right of property or right of possession in the crop except by levying a distress warrant. Watt v. Schofield, 76 Ill., 261. In the absence of a promise, the landlord's cause of action against a purchaser of the crop from a tenant rests only on some fraudulent act of such purchaser the results of which impair or destroy the landlord's security for the rent, and in that event his redress is in an action on the case for the tort. Finney v. Harding, 136 Ill., 573. It is urged that the landlord may waive the tort and sue in assumpsit and recover. We doubt the soundness of this suggestion for the reason that when the landlord waives the supposed tort of the elevator man in purchasing the corn of his tenant, he waives all the claim he has against him, except to seize the corn by distress warrant if he can find and identify it (unless he has, as before stated, a promise for which he waives his right under the distress proceeding).

It is argued that if assumpsit did not ordinarily lie, appellant by procuring the court to give instructions submitting questions of fact to the jury, is estopped from now arguing that assumpsit cannot be maintained, and is estopped

from saying that the evidence does not tend to support the allegations of the declaration. This position is not in our opinion tenable. He had the right to try his case on such theory as the court ruled proper, and was not obliged to abandon the defense because he may then have thought the court's view of the law incorrect. Appellee was acting on his own volition. Appellant was doing only what he was compelled to do under the ruling of the court.

Appellee testified to a direct promise by appellant to keep out his rent from the purchase price of the corn, and proved that appellant bought 789 bushels of corn of his tenant, which at the contract price amounted to $402.39. If such promise was made, and appellee thereby waived his right to reduce the corn to his possession by distress proceedings under the statute, then he is entitled to recover in this proceeding. Appellee did not see appellant, but testified to several conversations with him over the telephone, in one of which he told appellant there was $330 rent due and to be sure to hold it for him, and in another of which appellant told him he had $233 or thereabouts for him. Appellant denied that he had any conversation with appellee until several months after the corn was sold and delivered, and denied any such conversation as appellee testified to. These are the only competent witnesses on the subject of the conversations.

Over the objection of appellant, the wife of appellee was permitted to testify to a conversation she had with appellant over the telephone, in which he stated that he had $233 for Mr. Wicks on account of the corn hauled by his tenant. Afterwards, the wife's testimony was excluded, but we doubt if its effect could be removed from the minds of the jury as corroborating appellee's testimony.

One of appellee's attorneys testified he called on appellant and had a conversation with him, and that in such conversation appellant stated that the only reason he would not pay the rent was that no written notice had been served on him. This appellant denied. If true, it does not tend to corroborate appellee's proof that there was a promise to keep out the money for the rent.

In the closing argument to the jury, appellee's attorney who had testified in the case called the attention of the jury to the testimony of the wife that had been excluded. This reference by counsel to evidence excluded from the consideration of the jury was improper and was calculated again to call the attention of the jury to the fact that the wife had corroborated her husband. The trial court in what it said undoubtedly intended to indicate that the reference was improper, but did not explicitly so announce to the jury. This attorney brought the suit, testified to an alleged conversation he supposed would help procure a verdict, argued the facts to the jury, necessarily including his own testimony, and commented on evidence that had been excluded from the record. Of this counsel for appellant complain.

While it is true there is no law in this State, statutory or otherwise, forbidding an attorney to be a witness and at the same time an attorney in the case, the practice has generally been condemned by the courts as one of doubtful professional propriety and one which should be discountenanced. In Morgan v. Roberts, 38 Ill., 65, the court said, "We are not advised it is contrary to any statute, or to any maxim of the common law, to make the attorney in a case a witness in the case he is managing. This is a matter which appeals to the professional pride of an attorney, and his sense of his true position and duty." Frear v. Drinker, 8 Penn. St., 521. All the court can do is to discountenance the practice, and when the evidence is indispensable, to recommend to the counsel to withdraw from the case. In Ross v. Demoss, 45 Ill., 447, the court said, "It is of doubtful professional propriety for an attorney to become a witness for his client without first entirely withdrawing from further connection with the case, and an attorney occupying the attitude of both witness and attorney for his client subjects his testimony to criticism, if not suspicion." The cases above cited with others of like import were approved in Wilkinson v. The People, 226 Ill., 149, and the Wilkinson case was approved in Chicago Union Traction Company v. Ertraçhter, 228 Ill.,

. 114, and the practice of attorneys testifying in cases in which they appear again condemned in emphatic language.

Our conclusion is that under this declaration there can only be a recovery upon a promise either express or implied made from appellant to appellee that he would keep out sufficient of the purchase money of the corn to pay the rent, and that the competent evidence in the record is so nearly balanced on that subject that the improper testimony of appellee's wife and the improper use made of it by counsel in his argument, may very likely have turned the scale in favor of appellee upon whom the burden of proof rested.

The judgment is therefore reversed and the cause remanded.

*Reversed and remanded.*