Elbert C. Wicks, Appellee, v. Cyrus D. Wheeler, Appellant.

Gen. No. 5350.

1. EVIDENCE—*when telephone conversations not incompetent.* Telephone conversations are not necessarily incompetent because of the failure of the party testifying thereto to state that he recognized the voice of the person with whom he was talking.

2. INSTRUCTIONS—*when erroneous will not reverse.* Even though an instruction may be subject to criticism, it will not reverse unless harm appears to have resulted from its giving.

3. INSTRUCTIONS—*when upon interest of one party erroneous.* Where both of the parties to an action are natural persons an instruction should not be given which is directed to the testimony of only one of them. *Held,* however, in this case, in view of the clear preponderance of the evidence in favor of the prevailing party, that the error in giving such instruction would not reverse.

Assumpsit. Appeal from the Circuit Court of La Salle county; the Hon. EDGAR ELDREDGE, Judge, presiding. Heard in this court at the April term, 1910. Affirmed. Opinion filed October 18, 1910.

McDOUGALL & CHAPMAN, for appellant.

BUTTERS & ARMSTRONG, for appellee.

Mr. Presiding Justice Willis delivered the opinion of the court.

Cyrus D. Wheeler operated a grain elevator and entered into a contract with George Sampson, a tenant on a farm owned by Elbert C. Wicks, to purchase 2,000 bushels of corn at fifty-one cents per bushel. Sampson delivered 780 bushels to Wheeler and sold the balance to some one else, got the money and left the country. Wicks brought this suit in assumpsit against Wheeler to collect $330 of unpaid rent, owed by Sampson, and obtained a judgment for that amount which, on appeal to this court, was reversed, and the cause remanded. Wicks v. Wheeler, 139 Ill. App. 412. The original declaration contained only the common counts in assumpsit. After the cause was reinstated in the Circuit Court, Wicks, by leave of court, filed three additional counts. The first count alleged that on December 15, 1901, Wicks owned a certain farm then in possession of Sampson, by virtue of a lease for the year ending March 1, 1902, at a rental of $330; and that Wheeler was engaged in buying grain at Triumph; that Sampson raised 2,000 bushels of grain on the leased premises; that the rent was wholly unpaid, and that Sampson sold said grain to Wheeler for fifty-one cents per bushel; that it was agreed between Wicks and Wheeler that in consideration that Wicks would not claim the grain, Wheeler would pay said rent. A demurrer was sustained to the second additional count. The third count was substantially like the first except that it alleged that if Wicks would forego his lien for the unpaid rent, Wheeler promised Wicks to pay him the unpaid rent, and that in consideration of the promise of Wheeler, Wicks did not waive his lien, and that thereupon Wheeler purchased the grain, and thereby became liable to pay Wicks said rent. A plea of the general issue and a plea of the five years' statute of limitations were filed to the first additional count, but the third additional count was not replied to. A trial resulted in a verdict for Wicks for $330. A motion for a new trial was denied and Wheeler prosecutes this appeal.

We held on the former appeal that appellee could not

recover the rent of appellant in assumpsit unless there was a contract expressed or implied that appellant would hold out the rent from the price of the corn, and the judgment was reversed mainly because of certain irregularities in the trial which we there said might have improperly influenced the jury in weighing the conflict in evidence.

Appellee testified that a month or a month and a half before the corn in question was delivered, he had a talk over the telephone with appellant, in which he said to appellant that Sampson had told him that he had sold his corn to appellant; that he, appellee, owned the land on which the corn was raised, and that rent amounting to $330 was unpaid, and that appellant replied that he bought 2,000 bushels and had paid $100, and that there would be plenty of money to pay it, and he would keep it out. He also testified that some time in January he called up appellant, and appellant said to him that he had only received 800 bushels of corn at fifty-one cents and that there was only $230 left for him, and appellee replied that he, appellee, had told him, appellant, to hold $330 for him, and that he would hold appellant for it. On cross-examination appellee said he had seen appellant once, but had never talked with him, and that he could not recognize his voice, but that he called for him over the telephone and asked who it was, and was told: "It is Mr. Wheeler." These conversations over the telephone were a mitted without objection, but after appellee testified that he could not recognize appellant's voice, counsel for appellant moved the court to exclude these conversations, on the ground that it was not certain that appellant was the person appellee talked with. This motion the court denied. In the case of Godair v. Ham Nat. Bank, 225 Ill. 572, the Supreme Court in passing on substantially the same question, quoted with approval from Wolfe v. Missouri Pacific Railway Co., 97 Mo. 473 (3 L.R.A. 539), the following: "When a person places himself in connection with the telephone system through an instrument in his office, he thereby invites communication, in relation to his business, through that channel. Conversations so held are as admissible in evidence as personal inter-

views by a customer with an unknown clerk in charge of an ordinary shop would be in relation to the business there carried on. The fact that the voice at the telephone was not identified does not render the conversation inadmissible." We are of opinion that the court did not err in denying appellant's motion to exclude the telephone conversation. Rogers Grain Co. v. Tanton, 136 Ill. App. 533. Appellant denied the conversations over the telephone. The judgment does not rest alone on the testimony of appellee that the contract was made by conversations over the telephone, as there is other evidence which, in our opinion, corroborates appellee's testimony. McCormick, an attorney who undertook the collection of the claim, testified that appellant said he was not bound to pay the claim because his information about it came over the telephone. Moreover, appellant accepted an order given by Sampson to Worsley & Son by writing thereon the following, "Will pay when George Sampson delivers corn to the value of five hundred and sixty dollars." He paid Sampson $100 when he contracted for the corn and later paid him $40, and the order he accepted with a qualification was for $94.70 and the rent of $330 would make $564.70. From these facts, to us the reasonable inference seems to be that he knew that he was bound to pay the $330 rent. From the evidence in this record we think the jury were justified in finding the appellant promised appellee if he would forego his lien on the corn for the rent, appellant would pay the rent out of the price of the corn.

It is also urged that it was error to admit the order drawn by Sampson on appellant payable to Worsley & Son, and to allow counsel to cross-examine appellant thereon, and that it was error also not to permit appellant to show that he had paid the same. Appellant did not offer in evidence the order or the receipt showing that he had paid the order, although they were in his possession and were the best evidence of payment, but sought to introduce secondary evidence. Appellant later produced the order on a rule of court, and appellee introduced it in connection with appellant's cross-examination, and it is apparent that any error there may have been

made in denying appellant's offer of its contents was thereby cured.

Appellant complains of the first, second, third, fourth, fifth, sixth, seventh, and tenth instructions given for appellee. From an examination of these instructions we do not deem it necessary to refer to other than the fourth and tenth, further than to say that there was no error in giving them. The fourth was perhaps awkwardly worded. It first defined a landlord's lien under the statute, and explained how, under certain conditions, the landlord might recover the rent from one purchasing the crops grown upon the land rented, if the tenant failed to pay the same, unless the lien had been waived by the landlord. Thus far the instruction was merely introductory to the latter part, which informed the jury that where the landlord had such a lien and had waived it by agreement with the purchaser of the crop, his waiver was a good consideration to support the agreement of the purchaser to pay the landlord the unpaid rent. The introductory part of the instruction might well have been omitted, but the instruction did appellant no harm, and, in our opinion, correctly stated the law applicable to the evidence disclosed by the record.

The tenth instruction given at the request of appellee was as follows:

"The jury are instructed that, while the law permits the defendant in the case to testify in his own behalf, nevertheless the jury have the right in weighing his evidence to determine how much credence is to be given to it, and to take into consideration that he is the defendant and interested in the result of the suit."

Where as here, both plaintiff and defendant are natural persons, or where several witnesses are interested in the result, such an instruction directed to the testimony of only one of the interested witnesses, is properly refused unless so modified as to apply to all interested witnesses. Pennsylvania Co. v. Versten, 140 Ill. 637; City of Dixon v. Scott, 81 Ill. App. 368, and 181 Ill. 116; Matthews v. Granger, 196 Ill. 164. But in view of the clear preponderance of the proof

in support of appellee's case, we conclude that the giving of that instruction should not be held reversible error. We are of opinion that substantial justice has been done in this case. The judgment is therefore affirmed.

*Affirmed.*