## Alfred I. Hartshorn, Appellant, v. George Hartshorn, Appellee.

### Gen. No. 5,699.

1. WITNESSES—*instruction as to weight of plaintiff's testimony.* Where plaintiff and defendant are natural persons an instruction that the law makes plaintiff a competent witness but that the jury have a right to take into consideration his situation and interest and give to his testimony only such weight as in their judgment it is fairly entitled to, is improper though such an instruction may be given where defendant is a corporation and hence has not testified.

2. WITNESSES—*when instruction as to the weight of plaintiff's testimony reversible error.* Where plaintiff is entitled to recover if his evidence is true and defendant also testifies, it is reversible error to instruct that the law makes plaintiff a competent witness but that the jury have a right to take into consideration his situation and interest and give to his testimony only such weight as, in their judgment, it is fairly entitled to.

Appeal from the County Court of LaSalle county; the Hon. WILLIAM H. HINEBAUGH, Judge, presiding. Heard in this court at the October term, 1912. Reversed and remanded. Opinion filed April 8, 1913.

COLEMAN & COLEMAN and H. M. KELLY, for appellant.

DUNCAN, DOYLE & O'CONOR, for appellee.

MR. PRESIDING JUSTICE DIBELL delivered the opinion of the court.

Alfred I. Hartshorn, appellant, owns a farm of 560 acres in LaSalle county, besides other lands elsewhere in said county. His son George, appellee, is in possession. On January 13, 1912, appellant caused written notice to be served upon appellee that the sum of $4,631.15 was due appellant for rent of said premises, payment of which was demanded, and appellee was thereby notified that unless said rent was paid on or before February 6, 1912, the lease of said premises

would be terminated. On February 8, 1912, appellant filed with a justice of the peace of said county a complaint that appellant was entitled to the possession of said premises and that appellee unlawfully withheld the possession thereof from appellant. Summons was issued and served upon appellee and there was a trial and appellant was defeated before the justice by a jury and an appeal to the County Court where appellant was again defeated by a jury and his motion for a new trial was denied and judgment was rendered against appellant and he prosecutes this appeal therefrom.

Appellant was 88 years old at the time of the last trial. He lived upon these premises until 1883 and appellee lived there with him. In 1883 he moved to his other farm and he left appellee in possession of said 560 acres where appellee has ever since remained. Appellee married two years later. From 1883 to 1892 there seems to have been no special agreement between appellant and appellee, but appellant had cattle fed upon the premises, and appellant and appellee appear to have divided the proceeds of the farm about as it happened. Appellant contends that in 1892 he orally leased that farm to appellee, and that appellee was to pay him as rent therefor $1,500 per year and pay the taxes on said farm and also upon his other farm. Appellee admits that his father proposed to let him the farm on these terms at that time, but testifies that he refused to accept the offer for the reason that the rent was too high. Appellant contends that the conversation between them was such that even if appellee refused to pay that rent, yet as appellee remained there after he knew that appellant insisted upon rent for the premises, he is legally bound to pay therefor the reasonable rental value of the land from that time till the present, under the principles laid down in Illinois Cent. R. Co. v. Thompson, 116 Ill. 159, that "a party who continues to occupy premises after being notified by the owner that if he does so he will be expected to pay rent, thereby becomes liable therefor." The proof

is that $1,500 per year would be a very low rental for that farm during that period. Appellee denies that he ever was appellant's tenant or ever became liable to him for rent but contends that the same relation between them which existed prior to 1892 continued down to the time of the trial, and that appellant always had a part of the proceeds of the farm during that period and always had money from appellee whenever he asked for it. Appellant contends that in August, 1911, appellee notified appellant that he was going to leave the farm and that he could rent it to some one else as soon as he pleased, and that he did rent it to another party. Appellee denies this. It is very clear from the evidence that from 1892 to the commencement of this suit appellee has paid appellant very much less than $1,500 per year and very much less than the fair cash rental value of the premises and that, if appellee was liable to pay appellant either $1,500 per year or the fair cash rental value, he was several thousand dollars in arrears when the notice and demand was served upon him. In the view we take of the case we deem it unnecessary to set out in detail a history of the various transactions between the parties during the many years covered by the evidence, but think it sufficient in that respect to say that we are not satisfied that justice has been done to appellant, and we are of the opinion that the case should be submitted to another jury.

If the jury believed the testimony given by appellant, he was entitled to a verdict. In that state of the proof the court at the request of appellee gave the jury the following instruction:

"4. The court instructs the jury that while the law makes the plaintiff a competent witness in this case, yet the jury have a right to take into consideration his situation and interest in the result of your verdict and on the circumstances which surround him and give to his testimony only such weight as in your judgment it is fairly entitled to."

Appellant contends that it was error to give this instruction, but furnishes us with no authorities for his position. Appellee in his brief states that said instruction "has been passed upon favorably many times by this and other courts," but furnishes us with no reference to the authorities he relies upon. Said instruction has been declared to be erroneous in the following and other cases: Phenix Ins. Co. v. La Pointe, 118 Ill. 384; Pennsylvania Co. v. Versten, 140 Ill. 637; City of Sandwich v. Dolan, 141 Ill. 430; City of Dixon v. Scott, 181 Ill. 116; Matthews v. Granger, 196 Ill. 164; North Chicago St. Ry. Co. v. Wellner, 206 Ill. 272; Godair v. Ham Nat. Bank, 225 Ill. 572; Helbig v. Citizens' Ins. Co., 234 Ill. 251. We so held in Wicks v. Wheeler, 157 Ill. App. 578. Said instruction has apparently been approved in the following cases: West Chicago St. Ry. Co. v. Estep, 162 Ill. 130; Chicago & E. R. Co. v. Meech, 163 Ill. 305; West Chicago St. Ry. Co. v. Nash, 166 Ill. 528; West Chicago St. Ry. Co. v. Dougherty, 170 Ill. 379, and Chicago & E. I. R. Co. v. Burridge, 211 Ill. 9. The case last cited shows that in fact there is no conflict between the authorities above cited. The instruction is erroneous if both plaintiff and defendant are natural persons and have testified, because it singles out the testimony of one party and makes no reference to the testimony of the other equally interested party, and it is calculated to lead the jury to understand that the court considers that there is some reason why the evidence of the party referred to in the instruction is specially subject to criticism and should be particularly scrutinized by the jury. In the cases where the instruction was held good, the defendant was a corporation and could not testify, and asked the instruction, and any instruction in regard to the evidence of the parties could only apply to the one who was capable of testifying and who had testified, and even if the instruction had been made general in terms, it would be understood by the jury to apply

only to the plaintiff, who had testified and for that reason it was not error to give the instruction which specially referred to the plaintiff. This explanation of the difference between the two classes of cases also appears in North Chicago St. Ry. Co. v. Wellner, *supra.* While the giving of this erroneous instruction is not always considered reversible error, yet we consider that it was specially injurious in this case, where appellant was entitled to recover if his evidence was true, and where appellee also testified.

The judgment is therefore reversed and the cause is remanded.

*Reversed and remanded.*