THE CITY OF PEORIA

*v.*

AMELIA GERBER.

*Opinion filed November 1, 1897.*

1. MUNICIPAL CORPORATIONS—*duty of city to keep streets in reasonably safe condition.* Where a street has been re-paved from the outer rail of street car tracks to the curbing and thrown open to public travel, but the old paving bricks and material have been taken from between the rails and tracks, leaving that portion of the street in a dangerous condition, the city should, after notice from the street car company that it will not re-pave, put that portion of the street in a reasonably safe condition.

2. INSTRUCTIONS—*same instruction need not be given more than once.* The refusal of a correct instruction is not ground for reversal, where its substance is embodied in other instructions given at the request of the complaining party.

3. SAME—*instruction stating what facts show want of ordinary care may be refused.* An instruction in a personal injury case which holds that if certain facts existed the plaintiff was not using ordinary care for his safety, may be refused, as the conclusion to be drawn from such facts is for the jury, and not for the court.

*City of Peoria* v. *Gerber,* 68 Ill. App. 255, affirmed.

APPEAL from the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of Peoria county; the· Hon. T. M. SHAW, Judge, presiding.

W. T. IRWIN, City Attorney, for appellant:

The duty of a city to keep its streets in good condition and repair for public travel is suspended while paving is being done. *Cary* v. *Chicago,* 60 Ill. App. 343.

When streets are entirely closed to public improvements a person damaged thereby cannot recover. *Osgood* v. *Chicago,* 44 Ill. App. 532; 154 Ill. 194.

Obstructions or defects in the streets or sidewalks of a city, to make a corporation liable, must be of such nature that they are in themselves dangerous, or such that

a person exercising ordinary prudence cannot avoid danger or injury in passing them,—in general, such defects as cannot be readily detected. *Aurora* v. *Pulver*, 56 Ill. 270; *Moline* v. *McKinney*, 30 Ill. App. 419.

WINSLOW EVANS, for appellee:

A city is bound to keep and maintain its streets and sidewalks in good and sufficient repair, and reasonably safe for all persons passing on and over the same. *Joliet* v. *Verley*, 35 Ill. 59.

Where the loss is the combined result of an accident and of a defect in the road, and the damage would not have been sustained but for the defect, although the primary cause be a pure accident, yet if there be no fault or negligence of the plaintiff, and if the accident be one which common prudence and sagacity could not have foreseen and provided against, the town is liable. *Joliet* v. *Verley*, 35 Ill. 66; *Kelsey* v. *Glover*, 15 Vt. 708; *Parmer* v. *Andover*, 2 Cush. 600; Angell on Highways, 275.

If excavations in a street are made by the orders and under the directions of the city, no notice is necessary to charge the city with knowledge of such defect. *Chicago* v. *Johnson*, 53 Ill. 91; *Springfield* v. *LeClaire*, 49 id. 476.

The duty of maintaining the streets in a safe condition devolves upon the corporation and cannot be evaded or delegated to others; and if the city, by its direct act or authority, permits the street to get out of repair, it will be liable. *Springfield* v. *Scheevers*, 21 Ill. App. 203.

Where the city causes work to be done on its streets it is bound to take notice of the character of the work and the condition in which it is left,—whether safe or dangerous. *Chicago* v. *Brophy*, 79 Ill. 277; *Clayton* v. *Brooks*, 150 id. 87.

An instruction is properly refused which tells the jury that, as a matter of fact, certain facts *per se* constitute negligence. *Clayton* v. *Brooks*, 150 Ill. 105.

Mr. JUSTICE CRAIG delivered the opinion of the court:

This was an action brought by Amelia Gerber, a minor, by Preston Clark, her next friend, against the city of Peoria, to recover for injuries alleged to have been sustained by being thrown from a cart while driving along North Adams street, in the city of Peoria, during the latter part of the month of October, 1894. On a trial before a jury in the circuit court the plaintiff recovered. The defendant appealed to the Appellate Court, where the judgment was affirmed. To reverse the judgment of the Appellate Court the city of Peoria has appealed to this court.

The plaintiff, as appears from the record, was injured on the 27th day of October, 1894, while driving on Adams street, which runs parallel with the river, north-east and south-west. The Central City Railroad Company occupied Adams street, its entire length, with a double track constructed near the center of the street. During the summer before the accident the city of Peoria had determined to improve Adams street by paving it with brick from the line of the outer rail of the street car track to the curbing on each side, and at the time of the accident the street had been paved on the north-west side of the street between the outer rail of the track and the curb line, from Hamilton street a long distance beyond where the accident occurred, and that part of the street was open to travel by the public. But while the Central City Railroad Company had raised its tracks to the grade required by the city no pavement had been laid between the rails and between the two tracks, owing to a dispute between the city and the railroad company in regard to which one of the parties should do the paving, the city insisting that it was the duty of the railroad company to do the work and the railroad company contending that it was the duty of the city to do all new paving. Thus that part of the street occupied by the street railroad company was not only unfit for use by the public, but it was

in a dangerous condition.    This was the situation of the street on the day of the injury.    The plaintiff, as appears from the evidence, was riding in a cart with one Clark, who was driving up the street in a north-east direction, on business.    At Hamilton street, an intersecting street, they crossed over to the north-west side of the street and proceeded north-east along the west side of the railroad tracks, about eight blocks, where the horse attached to the cart became frightened and backed the cart upon the street railroad tracks.    The horse was thrown down and plaintiff fell from the cart and severely injured her ankle.

It is claimed by counsel for the appellant that the street where appellee was injured was in the hands of contractors; that the city was making a public improvement through contractors, and hence was not bound to keep the street in a reasonably safe condition for public travel.    It may be conceded that while a city is engaged in paving or otherwise improving one of its public streets it is not required to keep the street open for public travel and in a reasonably safe and good condition, so that persons can drive and travel over it in safety.    If such were not the case it would be impossible for a city to grade or pave its public streets.    While a city is actually engaged in improving a street, if it becomes necessary to stop travel in order to facilitate the work, the city, no doubt, has the right to do so.    But the rule indicated has no application here, for the reason that the evidence fails to show that the street in question was in the hands of contractors and that the city was carrying on a public improvement through contractors.    The street west and north of the car track, extending from the car track eighteen feet to the curb, was completed and open to the public for travel.    That part of the street occupied by the railroad company which rendered travel dangerous was not in the hands of contractors.    The city had ordered the railroad company to pave and improve that portion of the street and the street car company had refused, and

the evidence tends to prove that the street car company notified the city, at least a month before the injury, that it would not re-lay the pavement between its tracks and would not place the street in condition for public use. The city had ample time to repair the street after it was notified by the street car company that it would not re-pave, before the accident occurred; but instead of exercising reasonable diligence to put in the pavement it spent its time in a controversy with the street railroad company trying to induce it to make the improvement, and while this controversy was going on, the plaintiff, while in the exercise of ordinary care in driving over that portion of the street which had been paved and was open to the public, was injured.

It is next claimed that the court erred in giving plaintiff's third instruction. The objection made to the instruction is, that it informed the jury that the defendant was required to put the street in a reasonably safe condition within a reasonable time before the accident, when it should have said within a reasonable time after notice. It may be conceded that the time when an accident may occur, as a general rule, has nothing to do with the time within which the city council should make needed repairs. The duty enjoined upon the city council is to act within a reasonable time after notice of the defect in the street, and while the instruction may be liable to a verbal criticism in the respect complained of, when the whole instruction is considered we do not think it was liable to mislead the jury.

Objection is also made to plaintiff's fourth instruction. In this instruction the jury were, in substance, directed, that if they found that the pavement brick and other material had been removed from between the tracks and from between the rails of the street railroad, and that it was not in reasonably safe repair for people to travel over, and that the defendant, the city of Peoria, knew of such condition, then it was the duty of the city to exer-

cise reasonable diligence to put such street in reasonably safe repair. We perceive no substantial error in the instruction.

It is also insisted in the argument that the court erred in refusing the defendant's instructions Nos. 8, 9 and 10. In instruction No. 8 the jury were instructed that the sole issue in the case was whether the injury complained of resulted from the negligent act of the defendants, or one or either of them. During the progress of the trial the action had been dismissed as to the railroad company, and as that defendant was no longer a party the instruction was erroneous and liable to mislead the jury.

The ninth instruction in substance informs the jury that plaintiff could not recover unless she has shown, by a preponderance of the evidence, that at the time of the accident she was in the exercise of reasonable care and caution. If the instruction had contained the language "ordinary care" instead of "reasonable care" it would have been correct and might have been given. But conceding the instruction correct, it was not error to refuse it, as the same charge, in substance, had been given to the jury in a number of other instructions, and it was not error to refuse to repeat it.

Instruction No. 10 was properly refused because, if for no other reason, the jury were directed that if certain facts existed the plaintiff was not using reasonable care and prudence and she could not recover, when it was a question for the jury to determine, from all the evidence, whether plaintiff was in the exercise of ordinary care, and not for the court. Where there is no evidence of ordinary care the court may direct the jury to find for the defendant, but whether the existence of certain facts established the want of ordinary care was a question for the jury and not for the court.

Finding no substantial error in the record the judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*