City of Dixon v. Scott.

---

## City of Dixon v. Ruth Scott.

1. DAMAGES—*Fifteen Hundred Dollars Excessive.*—Appellee, while traveling on a sidewalk, tripped on a loose board and fell, striking on the left side of her face; her face was badly bruised, her left eye became discolored and swollen, nearly shut, and remained in that condition for four or five weeks; the scar resulting from the abrasion disappeared in two months, in which time she fully recovered without medical aid. *Held,* a verdict for $1,500 was excessive.

2. ORDINARY CARE—*Exercise of, a Question of Fact.*—Whether or not a person walking upon a sidewalk can find themselves in such a position that ordinary care and caution requires them to step off the walk, or whether the exercise of ordinary care will excuse them from doing so on meeting others on such walk in the night time, when it is impossible to see the condition of the street outside of the walk, are purely questions of fact for the determination of the jury, and not questions of law for the court.

Trespass on the Case, for personal injuries. Tried in the Circuit Court of Lee County; the Hon. JAMES SHAW, Judge, presiding. Verdict and judgment for plaintiff for $1,500; appeal by defendant. Heard in this court at the December term, 1897. Reversed and remanded. Opinion filed February 28, 1898.

A. C. BARDWELL, attorney for appellant.

MORRISON & BETHEA, attorneys for appellee.

MR. JUSTICE DIBELL DELIVERED THE OPINION OF THE COURT.

Appellee sued appellant for injuries caused by a fall on a defective sidewalk, and recovered a verdict for $1,500. The city moved for a new trial, which was denied, and this appeal is from a judgment on the verdict.

It is assigned for error that the damages are excessive. As appellee was traveling on said walk on her way to church in the evening of November 18, 1896, a neighbor coming in the opposite direction stepped upon one end of a loose board, and the end in front of appellee was thereby raised up, and caught or struck her foot, and she fell, striking the walk upon the left side of her face. She was dazed and did not immediately move to get up, and was assisted to her feet by others. She went home and had her face bandaged. The side of her face was skinned and badly bruised; her eye became black and blue and was swollen nearly shut. Her face remained swollen and discolored four or five weeks. The scar caused by the abrasion of the skin disappeared in two months. The proofs as abstracted do not show that any physician was called or consulted, or any remedies applied except the bandage. We may safely assume either that no physician was called, because none was needed, or that if a physician was called, his evidence would not avail plaintiff. It is evident the injury was a serious flesh bruise, discoloration, and the jar of the fall. We have stated all the direct physical results of the injury shown by the evidence as abstracted, and plaintiff wholly recovered from them in a couple of months without medical aid. It is clear to us $1,500 is an excessive award for said injuries.

City of Dixon v. Scott.

But appellee further proved that when in crowded rooms and in church she has a sense of suffocation, and is obliged to go into the open air for relief; that she becomes out of breath and faint from going up and down stairs; that she requires the window of her sleeping room raised at night, and opens the doors every morning and airs her house more than before she was hurt; that if anything happens to her suddenly that startles her, a flash like a flash of light starts from the back of her head and keeps on going until she gets to the fresh air; that in church nervous flashes go over her head, and she gets faint and weak, and has the feeling she will have to leave the church or faint away, which feeling is relieved by going into the open air. These spells leave her weak and prostrated for an hour or two. She has no such trouble on the street or at home unless something frightens her. She had a fainting spell on the street two or three months after she was hurt, and fainted away in her kitchen the winter after she was hurt. She is nervous and easily startled by the ringing of a door bell and the like. She can not sleep, especially if anything is troubling her, like the trial of this lawsuit, and she gets up in the night and walks around and gets something to eat and stays at an open window a while, and then can go to sleep again. Her memory is affected, so that she does not promptly recall what she has done. She has had headaches since the injury more frequently than before, and the trouble seems to be in the top of her head and putting her hand there appears to relieve the pain. She was a healthy, active, hard-working woman before this fall, and has not been able to do much continuous hard work since for the lack of physical strength and endurance.

If the conditions just stated were caused by the fall, and if they are permanent, and if appellee has used reasonable care in endeavoring to be healed and cured of her injuries, it may be they would justify the verdict rendered. As to most of these conditions, it is proved either that they did not exist before her fall or that they previously existed to a much slighter extent. This is all the proof we find that

they were caused by the fall. No physician gives it as his opinion that they were or could have been so produced. They do not seem to us the natural or probable results of the accident. She was nearly fifty-nine years old when she met this injury, and so had reached that age when people begin to fail in health and strength and become less active and more subject to debility from natural causes. Without some professional opinion to advise us, we can not bring our minds to the conclusion that appellee's fall is responsible for her present condition. There is no satisfactory proof that her injuries are permanent. No effort seems to have been made to apply medical skill for their relief and cure. Under the present proof, we think we ought not to permit so large a verdict to stand.

Appellant requested the court to give instruction number 13 as follows: "You are instructed that a person passing along an unsafe walk, meeting or in company with others, may find themselves in such position that ordinary care and caution would require that they step off the walk onto the ground, if the lay of the ground be such as to reasonably permit it." The court modified said instruction by adding these words: "but this would not be true if such meeting was in the night time and plaintiff in the exercise of ordinary care could not see the condition of the steeet outside of the sidewalk." It is urged that the court erred in refusing to give said instruction as asked, and in modifying the same and giving it as modified. We are of opinion that the instruction was erroneous as asked, and erroneous as modified. Whether or not persons under the circumstances stated could find themselves in such a position that ordinary care and caution would require them to step off the walk, and whether or not the exercise of ordinary care would excuse them from doing so if the meeting was in the night time and they could not see the condition of the street outside of the walk, are purely questions of fact for determination by the jury and are not questions of law to be decided by the court. What ordinary care requires of a party under any given state of circumstances is always

a question of fact for the jury. City of Peoria v. Gerber, 168 Ill. 318.

An instruction given for appellee told the jury that if they found for the plaintiff they could assess her damages at such sum as they believed from the evidence she was entitled to. Though language of this import received a partial sanction in St. Louis, A. & T. H. R. R. Co. v. Odum, 156 Ill. 78, yet we regard it as a dangerous instruction to be given where the measure of damages is compensation and not punishment, unless the extent to which plaintiff can recover has been very distinctly announced in other instructions. To tell a jury that they may give the plaintiff what they think, from the evidence, she is entitled to, without restricting the recovery to compensation for injuries set forth in the declaration and proved, opens the door to unjust and excessive verdicts.

The judgment of the court below will be reversed and the cause remanded with directions to award a new trial. Reversed and remanded.