DAVID FORD, Appellee, *vs.* HINE BROS. COMPANY, Appellant.

*Opinion filed December 15, 1908—Rehearing denied Feb. 4, 1909.*

1. APPEALS AND ERRORS—*an appellant cannot avail of errors in his favor.* An appellant cannot avail himself of an error in an instruction for the appellee, who was the plaintiff in the trial court, by which the plaintiff was required to prove more than the law required him to prove in order to make out his case.

2. NEGLIGENCE—*party is not required to foresee the particular result of his negligent act.* In order to render the negligent acts of a person the proximate cause of an injury, it is not necessary that he should, acting as a reasonably prudent man, have foreseen the particular injury which resulted from such negligence, and it is sufficient if by the exercise of ordinary care he could have foreseen that some injury might so result.

3. SAME—*fact that third party's negligence may have contributed to injury is no defense.* In an action by a street railway conductor for injuries received by being struck by the pole of a wagon while he was standing upon the rear platform of his car, the fact that the motorman's failure to stop the car to let the wagon pass in front may have contributed to the injury does not excuse the defendant from liability if its own negligence in the management of the team was an efficient cause of the injury.

4. SAME—*the question of contributory negligence is one of fact where the facts are in dispute.* A street car conductor, rightfully in his place on the rear of a car, is not required, as a matter of law, to abandon his car and its passengers upon the approach of a rapidly moving team, and the question whether he did what a reasonably prudent man would have done to protect himself in the face of the approaching danger is one of fact for the jury.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. ALBERT C. BARNES, Judge, presiding.

E. E. GRAY, F. J. CANTY, and J. C. M. CLOW, for appellant.

CHARLES CHENEY HYDE, and CHARLES B. ELDER, for appellee.

Mr. JUSTICE HAND delivered the opinion of the court:

This was an action on the case commenced by the appellee, against the appellant, in the superior court of Cook county, to recover damages for a personal injury alleged to have been sustained by the appellee in consequence of a collision between a wagon being driven by the servant of appellant upon one of the streets of the city of Chicago and a street car being operated upon said street, on which the appellee was conductor, as a result of which the appellee was struck by the pole of said wagon and was injured. The case has been twice tried. The first trial resulted in a verdict and judgment in favor of the defendant, which was reversed by the Appellate Court. (115 Ill. App. 153.) On the second trial the jury returned a verdict in favor of the appellee for the sum of $3000, which judgment has been affirmed by the Appellate Court for the First District, and a further appeal has been prosecuted to this court.

Appellee was standing upon the rear of his car, which came from the west upon Twenty-second street and was just turning north on to Clark street, when a wagon drawn by two horses and heavily loaded was driven by the servant of appellant from the east on Twenty-second street, down a sharp incline. The pole of the wagon struck the controller upon the rear of the car, glanced off and hit the leg of the appellee, breaking the neck of the femur. Twenty-second street immediately west of Clark street is crossed by a viaduct, and the down-grade in Twenty-second street at the point where the accident took place is caused by a depression to allow that street to pass beneath said viaduct. The grade extends east from Clark street about two hundred feet, and street cars coming from the west upon Twenty-second street, in order to get on to Clark street, make a turn north immediately after passing from beneath said viaduct. There is a conflict in the testimony in regard to the manner in which the team was being driven at and

just prior to the accident. The testimony introduced on behalf of appellee tends to show that the driver was drunk; that the wagon was heavily loaded; that the lines were hanging down upon the horses' hips; that the driver was trying to light a cigar, and that the team was going down the grade at as high a rate of speed as it could without galloping; that the car was directly across the north side of the street, in plain sight of the driver for at least one hundred feet east of the point where the collision occurred, and that the driver made no effort to avoid a collision until he was within from ten to thirty-five feet of the car, when he grabbed the lines and attempted to stop his horses or turn them to the left, but that the team and wagon were then going at so high a rate of speed down-grade that the team could not stop the heavy load or turn the wagon to the left to avoid the car, and the collision took place. The evidence of the appellant tended to show that the driver was in full control of his team and that the accident was inevitable. This court cannot weigh the evidence, and it must therefore be assumed in this court that the evidence of the witnesses of the appellee is true, and that the team was being driven at a high and reckless rate of speed down-grade, directly towards the side of the car upon which appellee was conductor, at the time of the injury.

It is first contended that the fourth and fifth instructions given on behalf of the appellee are erroneous. The first criticism made upon these instructions is common to both. The instructions read as follows, and the portions thereof which are claimed to vitiate each of them are herein italicized:

"If the jury believe, from the evidence, under the instructions of the court, that the driver of the wagon of the defendant was guilty of negligence as charged in the declaration or some count thereof, and that the plaintiff was injured as a direct and proximate result of such negligence, and that the injury to the plaintiff would not have occurred

237—30

excepting for said negligence of the said driver, *and that a reasonable person in the position of the driver at the time of said negligent acts could have foreseen that injury to persons upon the car upon which the plaintiff was riding might result from such acts,* and that the said driver, at the time of the said negligence, if any, was in the employ of the defendant as its servant and acting within the scope of his employment, and that at the time and on the occasion of his injury the plaintiff was in the exercise of reasonable care for his own safety, then the jury will find the issues for the plaintiff, as against the defendant.

"Even though the jury may believe, from the evidence, that the motorman upon the car upon which the plaintiff was riding at the time of his injury was guilty of negligence in the management of said car which directly contributed to cause the injury to plaintiff, yet such negligence of the motorman, if there was negligence, cannot be imputed to the plaintiff so as to prevent his recovery in this case if the circumstances hereinafter mentioned existed, and if the jury believe, from the evidence, under the instructions of the court, that they existed and that the driver of the wagon of the defendant which collided with the street car was guilty of negligence in manner and form as alleged in the declaration or some count thereof, and that such negligence of the said driver directly and proximately concurred with the negligence of the said motorman to cause the injury to the plaintiff, and that the said injury would not have occurred but for the negligence of the said driver, *and that a reasonable man in the position of the said driver at the time of such negligence on his part, if any, could foresee that such injury might result from the acts of the said driver,* and if the jury further believe, from the evidence, that the driver of the said wagon was in the employ of the defendant as its servant at the time and place in question and was acting within the scope of his employment at the said time and place, and if the jury further believe,

from the evidence, under the instructions of the court, that plaintiff himself was in the exercise of reasonable care for his own safety, then it is the duty of the jury to find the issues for the plaintiff, notwithstanding the negligence of the motorman on the said street car."

The Appellate Court held that each of said instructions would have been correct,—and this seems to be conceded by counsel for the appellant,—except for the incorporation therein of the parts thereof hereinbefore pointed out, and that as said clauses imposed a burden upon the appellee greater than he was required to sustain in order to make a case, the errors, if any, in the instructions, were committed against the appellee and not the appellant, and that they do not for that reason constitute reversible error.

The brief of appellant is taken up largely with a discussion of the facts, as it insists, with a view to advise the court that the case is close upon the facts, and that for that reason the jury should have been accurately instructed. We think this contention of counsel may be conceded and still the errors in the instructions complained of should not reverse the case. The only thing wrong that we can discover in either of these instructions is, that they inform the jury that the driver, in order to make the appellant liable, must have foreseen that the injury which did occur might reasonably have been expected to result from his driving the team down said incline, hitched to a heavy load, at a high rate of speed and without attempting to control it, while the law is that the appellant would have been liable if a reasonable person driving the team, under the same circumstances, by the exercise of ordinary care ought to have foreseen that some injury might result from said negligent acts. In other words, in order to make the negligent acts of the driver the proximate cause of the injury it was not necessary that the driver should have foreseen the particular injury which occurred to appellee, but that it was sufficient if the driver, by the exercise of ordinary care, could have

foreseen that some injury might result from his negligence. In *Illinois Central Railroad Co.* v. *Siler,* 229 Ill. 390, on page 394, it is said: "In order to make a negligent act the proximate cause of an injury it is not necessary that the particular injury, and the particular manner of its occurrence, could reasonably have been foreseen. (*City of Dixon* v. *Scott,* 181 Ill. 116.) If the consequences follow in unbroken sequence from the wrong to the injury without an intervening efficient cause, it is sufficient if, at the time of the negligence, the wrongdoer might, by the exercise of ordinary care, have foreseen that some injury might result from his negligence." We think, therefore, the Appellate Court was right in its holding that the only defects in said instructions were that they required the driver, acting as a reasonably prudent man, to foresee that the *particular injury* which happened to appellee was likely to take place from the negligent manner in which the team was being driven, rather than that he was required to foresee that *some injury* might result from his negligent acts,—that is, that the instruction required the appellee to prove more to make out a case than the law required him to prove. The errors in the instructions did not, therefore, injure appellant.

It is next contended that the injury was caused, in part, by the negligence of the motorman in charge of the car in not stopping the car in time to permit the team to pass in front of it instead of in its rear, and that the conductor is bound by the acts of the motorman, they being fellow-servants, and that his right of recovery, by reason of the negligence of the motorman, is defeated; and it is urged that the fifth instruction was erroneous in so far as it informed the jury that the negligence of the motorman, if there was negligence on his part, could not be imputed to the appellee. The car had just come out from under the viaduct and was on the point of turning north into Clark street when the team and wagon appeared something like one hundred feet east of the car, on Twenty-second street,

going west. The jury were justified, we think, in finding, from the evidence, that the motorman had the right to assume that the driver would stop his team or would turn to the left and not attempt to drive over the car, and that in bringing his car into Clark street without stopping he was not guilty of negligence. If, however, it be assumed that the motorman was guilty of negligence in attempting to turn the car into Clark street, which contributed to appellee's injury, we do not think the appellee was thereby defeated of the right of recovery against the appellant on account of the negligence of the driver. In *Pullman Palace Car Co.* v. *Laack,* 143 Ill. 242, it was said (p. 262): "An efficient cause is simply the 'working cause,' or that cause which produces effects or results, (Webster,) and a proximate cause is that which stands next in causation to the effect,—not necessarily in time or space, but in causal relation." It was further said in that case (p. 261): "It is well settled that where the injury is the result of the negligence of the defendant and that of a third person, or of the defendant, and an inevitable accident or an inanimate thing has contributed, with the negligence of the defendant, to cause the injury, the plaintiff may recover if the negligence of the defendant was an efficient cause of the injury. (2 Thompson on Negligence, 1085, sec. 3; Bishop on Non-contract Law, secs. 39, 450, 452; Shearman & Redfield on Negligence, sec. 31, *et seq.; Carterville* v. *Cook,* 129 Ill. 152; *Consolidated Ice Machine Co.* v. *Keifer,* 134 id. 481, and cases cited.) In such case the negligence of two independent persons resulting in injury to the third, where neither is sufficient within itself, both are to be treated in combination as the proximate cause of the injury. It is clear that the negligence of the fellow-servant, in and of itself, could not have produced the injurious results suffered by appellee. The negligence of appellant and the fellow-servant were therefore concurrent causes, and combined were the proximate cause of the injury."

It is finally contended that the appellee was guilty of such contributory negligence as to defeat a right of recovery. The question of contributory negligence, where the facts are in dispute, is a question of fact. The appellee was on his car and in a place where he had the right to be, and he was not in the presence of the approaching team required to abandon his car and its passengers or leave the place where he was on the car, as a matter of law. Whether he did what a reasonably prudent man should have done under the circumstances and in the face of the approaching danger to protect himself from injury clearly was a question of fact for the jury and not a question of law.

Finding no reversible error in this record the judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*