do not contemplate a constant restraint indoors, and the fact that the insured visited his physician's office, using a car line, would not defeat his right of recovery. To the same effect are *Thayer v. Standard Life & Accident Ins. Co.,* 68 N. H. 577; *Jennings v. Brotherhood Accident Co.,* 44 Colo. 68; *Scales v. Masonic Protective Ass'n,* 70 N. H. 490, and *Metropolitan Plate Glass & Casualty Co. v. Hawes' Ex'x,* 150 Ky. 52. While there are a few cases which apparently hold a contrary doctrine, some of which are cited by appellants, the great weight of authority sustains the view that the fact that appellee went to and from the office of her physician for treatment during her confinement in the house by her illness would not defeat her recovery under the terms of the policy.

We are of opinion, therefore, that the declaration stated a cause of action and that the court properly overruled appellant's demurrer and rendered judgment. The judgment should be affirmed.

*Judgment affirmed.*

---

**William C. Siegert, Appellee, v. Public Service Company of Northern Illinois and City of Ottawa, Appellants.**

**Gen. No. 6,148. (Not to be reported in full.)**

Appeal from the Circuit Court of La Salle county; the Hon. Edgar Eldredge, Judge, presiding. Heard in this court at the October term, 1915. Reversed and remanded. Opinion filed August 10, 1916.

### Statement of the Case.

Action by William C. Siegert, plaintiff, against Public Service Company of Northern Illinois, a corpora-

tion, and the City of Ottawa, defendants, to recover for personal injuries. From a judgment for plaintiff, defendants appeal.

The Illinois River bridge is 942 feet long, with a driveway 24 feet wide, and was on July 8, 1914, the day in question, the only means of crossing the Illinois River in the City of Ottawa. There was a large amount of travel across the bridge, including interurban and street car traffic. There was laid along the east side of the wagon road of the bridge extending into the driveway, about 18 inches from the side of the bridge, an 8 inch gas pipe used by defendant Public Service Company, laid in sections joined by a flange or expansion joint projecting 2 inches, so that the diameter of the pipe and flange was about 12 inches. This pipe was elevated a few inches above the level of the floor of the bridge on a cement foundation, but extended beyond the base on which it rested. It was not covered or guarded in any way, and the flange or expansion joint was so constructed that a wheel scraping along the side of the pipe would catch on the flanges. Plaintiff was a gardener, acquainted with and accustomed to the use of this bridge. He drove onto it with a horse that was somewhat afraid of cars and met a street car. His horse shied to the east as the car passed him, and just then another car came up. The horse, becoming more frightened, veered to the east and started to run. The left wheel of the wagon struck against the gas pipe a few feet from a flange. The wheel slid along until it hit the projection of the flange. The wagon was thrown into the air by the force of the impact, and plaintiff thrown out and injured.

The court instructed the jury, at the instance of defendants except as modified by the insertion of the clause in parentheses, as follows: "That while it is the duty of a city to use reasonable care to keep its streets in a reasonably safe condition to drive upon, it has the right to devote the sides of the street to other useful

public purposes. It may construct sidewalks of a higher grade and gutters of a lower grade than the driveway, place curbing on the line of the gutters, erect hydrants and authorize the erection of hitching posts, telephone, telegraph and electric light poles and the laying of water and gas pipes (provided that in so doing the streets remain in a reasonably safe condition for public use). It may thus to a reasonable extent and for a useful public purpose narrow the driveway and exclude teams and horses altogether from the sides of the streets.''

GIRARD A. ELLINGSTON and RECTOR C. HITT, for appellants.

BUTTERS & CLARK, for appellee.

MR. JUSTICE CARNES delivered the opinion of the court.

## Abstract of the Decision.

1. MUNICIPAL CORPORATIONS, § 1100*—*when instruction on right of city to authorize laying of pipes in street correct.* In an action against a gas company and a city for personal injuries resulting to the plaintiff from his wagon running into a gas pipe placed along the side of a bridge with the permission of the city, an instruction to the effect that a city may authorize the laying of water and gas pipes in streets, provided that in so doing the streets remain in a reasonably safe condition for public use, *held* correct.

2. MUNICIPAL CORPORATIONS, § 1107*—*when question whether street suitable for travel is for jury.* In an action for personal injuries resulting from the plaintiff's wagon striking a gas main placed at the side of the roadway over a bridge, evidence *held* to require the submission to the jury of the question whether the roadway was thereby rendered unsafe for public travel.

3. MUNICIPAL CORPORATIONS, § 1098*—*when evidence insufficient to sustain finding that bridge unsafe for travel.* In an action against a gas company and a city for personal injuries sustained

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

as the result of the plaintiff's wagon running against an 8-inch flanged gas main lying on the side of a bridge 24 feet wide, evidence *held* not to support a finding that the bridge was thereby rendered unsafe for public travel.

---

## The People of the State of Illinois ex rel. William Kingsley et al., Appellants, v. David Andrews, Appellee.

### Gen. No. 6,235.

1. QUO WARRANTO, § 33*—*what rules govern pleadings.* Pleadings in quo warranto cases are governed by the same rules that prevail in other civil actions.

2. QUO WARRANTO, § 45*—*what defendant must allege.* The defendant in a quo warranto proceeding must either disclaim or justify, and, if the latter, he must show a valid title to the office, the People not being bound to show anything.

3. QUO WARRANTO, § 56*—*when judgment of ouster proper.* Though the People, in a quo warranto proceeding, set out specific causes of disqualification of the defendant to hold the office occupied by him, that is, alienage, still they need make no proof thereof, and unless the defendant shows valid title, a judgment of ouster should be entered against him.

Appeal from the Circuit Court of Peoria county; the Hon. CLYDE E. STONE, Judge, presiding. Heard in this court at the April term, 1916. Reversed and remanded. Opinion filed August 10, 1916.

C. E. McNEMAR, for appellants; SHEEN & GALBRAITH, of counsel.

CAMERON & CAMERON, for appellee.

MR. JUSTICE CARNES delivered the opinion of the court.

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.