# William C. Siegert, Executor, Appellee, v. Public Service Company of Northern Illinois et al., Appellants.

## Gen. No. 6,423.

1. Torts—*when rule as to proving promises by all alleged promisees does not apply.*  In an action of assumpsit against several, joint promises are charged against the defendants, and such promises by all must be proved, but the rule has no application to actions in tort.

2. Pleading, § 366*—*when motion to strike original and additional counts upon filing of amended count is properly denied.*  Where an amended count in negligence was filed after an original and an additional count, to each of which plea was filed and not withdrawn, a motion at the close of plaintiff's evidence to strike the original and the additional counts from the files was properly denied, where the amended count charged the same negligence against the defendants still in the case as in the previous counts.

3. Negligence, § 134*—*what does not constitute variance between pleading and proof in action against two defendants.*  Under a count charging both defendants, a city and a public utility company, in an action to recover damages for personal injuries, with negligently maintaining a certain pipe upon a bridge, and one of

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

them with placing it there, proof of all charges of negligence would not be necessary, but if plaintiff proved that both defendants negligently permitted the pipe to remain on the bridge it would be sufficient even if he failed to prove that one defendant placed it there.

4. MUNICIPAL CORPORATIONS—*when evidence in action against city for personal injuries is prima facie sufficient to show filing of statutory notices with city clerk and city attorney.* Evidence *held* prima facie sufficient to show that there were a city clerk and a city attorney and that copies of notice under the statute were filed in their offices, in an action against a city to recover damages for personal injuries, where the city was under the commission form of municipal government and the testimony was to the effect that service was upon the city clerk and the city attorney of defendant, whose signatures upon the copy of the notice offered were identified, and which signatures purported to be by the city clerk and the city attorney respectively.

5. MUNICIPAL CORPORATIONS, § 1084*—*when admission of evidence of gentleness of horse does not constitute variance in action for negligence.* Admission of proof that plaintiff's horse was gentle, although he did not so allege in his declaration, was not erroneous, on the ground of variance, in an action against a city and a public utility company to recover damages for personal injuries from plaintiff's horse becoming frightened at street and interurban cars, running away, and striking an expansion joint of a gas pipe located upon a bridge.

6. APPEAL AND ERROR, § 1459*—*when defendant cannot complain of rulings on evidence.* In an action for personal injuries, where there was testimony that plaintiff had a certain disease of mouth after the accident in question and that it could be attributable to his injury and there was contrary testimony on defendant's part that such disease could not be so caused, and the court excluded the evidence that plaintiff had such a disease, defendant had nothing of which to complain in that respect.

7. NEGLIGENCE, § 242*—*when instruction on proximate cause is properly refused.* An instruction to the effect that the jury should find the defendant not guilty if there was any efficient, independent cause which contributed directly to the accident other than the maintenance of a certain gas pipe on a bridge charged to the defendants as the negligent cause of the accident, *held* properly refused, as the contributory negligence of another party does not relieve a defendant from the consequences of his negligence.

8. INSTRUCTIONS, § 126*—*when abstract instruction properly refused.* An instruction on an abstract proposition of law which is not applied to the case is properly refused.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

9. INSTRUCTIONS, § 114*—*when instruction properly refused as inapplicable to the issues and as calling for speculation by jury.* Instruction inviting jury to speculate as to what might have happened if a certain gas pipe, with the negligent maintenance of which on a bridge defendants were charged, had not been on the bridge, *held* properly refused, there being no such issue and positive proof of a guardrail which would have prevented plaintiff driving into the bridge if the pipe had not been there.

10. MUNICIPAL CORPORATIONS, § 1098*—*when evidence shows negligence in allowing projecting gas pipe to be maintained on bridge.* Evidence *held* to warrant the finding that it was negligence for defendants, a city and a public utility company, to maintain or permit the maintenance of a certain gas pipe having an expansion joint standing out 2 inches from the pipe on a long bridge much used for public travel, and on which ran a street railway track and there was also a sidewalk and a driveway, on one side of which driveway lay the pipe and on the other side ran the track.

11. MUNICIPAL CORPORATIONS, § 967*—*when city bound to know danger of frightened horses running into projection on bridge.* A city is bound to know that horses might be frightened by street cars approaching them on a bridge and turn away to the other side of the bridge, on which the city was maintaining a gas pipe, in such manner as might cause injury.

12. DAMAGES, § 110*—*when not excessive.* A verdict for $3,000 damages *held* not excessive where injuries were severe.

Appeal from the Circuit Court of La Salle county; the Hon. SAMUEL C. STOUGH, Judge, presiding. Heard in this court at the April term, 1917. Affirmed. Opinion filed October 16, 1917. *Certiorari* denied by Supreme Court (making opinion final).

GIRARD A. ELLINGSON and TAYLOR STRAWN, for appellants.

BUTTERS & CLARK, for appellee.

MR. JUSTICE DIBELL delivered the opinion of the court.

On July 8, 1914, William C. Siegert, 69 years old, was driving south across the Illinois River bridge in the City of Ottawa, riding in a delivery wagon drawn by a single horse, when his horse became frightened, first by a street car, and soon afterwards by an inter-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

urban car, upon said bridge, and it turned towards the east side thereof, and the east front wheel struck an expansion joint of a gas pipe located upon said bridge and the wagon was overturned and plaintiff was injured. He brought suit against the Public Service Company of Northern Illinois, the Chicago, Ottawa & Peoria Railway Company, the Northern Illinois Light & Traction Company, and the City of Ottawa, to recover damages for his injuries. He filed a declaration containing a single count and afterwards an additional count, and during the first trial he dismissed the railway company and the traction company, and by leave of court filed another count, which was therein styled an amended count. The general issue was filed to these counts and he had a verdict and a judgment. The defendants appealed to this court and we reversed the judgment, and remanded the cause for another trial. An abstract of our decision is contained in *Siegert v. Public Service Co. of Northern Illinois*, 200 Ill. App. 476. Thereafter the cause was again tried and plaintiff again had a verdict and a judgment, from which the defendants again appeal.

At the close of plaintiff's evidence in chief, defendants moved to strike from the files the original declaration filed August 19, 1914, and the additional count filed February 6, 1915. Two reasons were assigned for said motion, viz.: (1) That said original declaration and additional count charged combined and joint negligence on the part of the four defendants therein named, and there was no evidence tending to prove such joint negligence; and (2) that by filing the amended count on February 15, 1915, plaintiff abandoned the original declaration and additional count. The court denied said motion. In an action of assumpsit against several, joint promises are charged against the defendants, and such promises by all the defendants

Siegert v. Public Service Co. of Northern Illinois, 208 Ill. App. 551.

must be proved, but that rule has no application to actions of tort. The pleadings complained of allege that the traction company improperly and negligently ran its street car upon this bridge and thereby frightened plaintiff's horse; that the railway company improperly and negligently drove its interurban car upon said bridge and thereby frightened said horse; that the public service company negligently placed and negligently maintained upon said bridge gas pipe of improper construction and dangerous to those traveling upon the bridge; and that the city negligently permitted such pipe to be placed upon said bridge and to remain there. There was no charge of joint negligence. The count filed during the first trial on February 15, 1915, was called on its face an amended count. Reliance is had on *Maegerlein v. City of Chicago,* 237 Ill. 159. There an amended count had been filed which was called an amended third count and it was held that it was an amendment of the original third count. Here, there were two earlier counts filed at different times and there was nothing to show whether the amended count was intended to be an amendment of the original count or an amendment of the additional count. The defendants had filed pleas to the original count and to the additional count. They did not withdraw those pleas. We doubt whether they can be heard to complain of the action of the court in refusing to strike a count from the files until they have first, by leave of court, withdrawn their plea thereto, but there was no error so far as the present defendants are concerned, for the same charges of negligence are made against them in the amended count as in the previous counts, and the facts charged therein against the dismissed defendants would necessarily be shown under the amended count as part of the occurrences surrounding the accident.

It is argued that there is a variance between the amended count and the proofs, because the amended

556 APPELLATE COURTS OF ILLINOIS.

Siegert v. Public Service Co. of Northern Illinois, 208 Ill. App. 551.

count charged that the Public Service Company placed said gas pipe upon said bridge, whereas the proof shows that it was placed there by its predecessor in the operation of the gas plant. There is some evidence to show that the Public Service Company placed this pipe upon the bridge. The Public Service Company had been in control of that gas plant for about 3 years, and a witness stated that this pipe was placed upon the bridge 6 months or a year before the accident, which would be while the Public Service Company had control. The Public Service Company proved that the pipe was placed there 4 years before the accident and while another company had control, and no doubt that is correct, but it cannot be said that there is no evidence to maintain that part of plaintiff's allegation. However, the amended count, after certain allegations against defendant, the Public Service Company, proceeds as follows: "And the said defendant and the said City of Ottawa, carelessly, negligently, and wrongfully, for a long space of time prior to the date aforesaid, permitted the said pipe or conduit constructed and laid as aforesaid, to be and remain upon said bridge at the place aforesaid." Both defendants were therefore charged with negligently maintaining the pipe upon the bridge. It was not necessary that plaintiff should prove all his charges of negligence against the defendants, and if the proof showed that said defendants negligently permitted said pipe to remain upon the bridge, that was sufficient, even if plaintiff did not prove by a preponderance of the evidence that defendant, the Public Service Company, placed it there.

At the close of plaintiff's case the city moved to instruct the jury to find it not guilty because no proof had been introduced that the statutory notice had been served upon said defendant, and no proof that there is an office of city attorney or city clerk in said city. The City of Ottawa is under "the commission

form of municipal government." Section 23 of the
Act (J. & A. ¶ 1582) providing therefor gives the city
council all the powers and duties previously possessed
by various officers, including the city clerk and the
city attorney. Section 24 (J. & A. ¶ 1583) provides
that the city council by a majority vote may in its
discretion elect a city clerk, a city attorney, and other
officers. It seems to be argued that it must do this
by ordinance, but the statute does not so require.
Plaintiff offered in evidence a notice to the city, and
there is no claim that it is not in proper form and
that it was not served in due time, if served at all.
A. E. Butters, one of plaintiff's attorneys, testified
for plaintiff that he served upon William W. Curtis,
then city clerk of the City of Ottawa, and filed in the
office of the city clerk, one copy of said notice on July
31, 1914, and on the same day served another copy
thereof on Rector C. Hitt, then city attorney of the
City of Ottawa, and filed the same in the office of the
city attorney, and that the signatures appearing upon
the copy he offered were the signatures of said city
clerk and said city attorney. Upon the back of the
notice he so offered was a receipt for such copy
signed: "Rector C. Hitt, city attorney," and another
receipt signed "William W. Curtis, city clerk." We
are of opinion that this proof was prima facie suffi-
cient to show that there was a city clerk and a city
attorney, and that such copies were duly filed in their
respective offices; and there was no proof to the con-
trary.

We are of opinion there was no error in permitting
plaintiff to prove that his horse was gentle, though
he did not so allege in the declaration. Plaintiff intro-
duced proof that plaintiff had a certain disease of
the mouth after this accident, and there was medical
evidence that it could be attributed to this injury.
Other medical testimony introduced by defendants

made it doubtful whether it could have been so caused. The court excluded the testimony that plaintiff had such a disease, and we are of opinion that defendants have nothing of which to complain in that respect.

It is argued that the court erred in giving instruction No. 2 at plaintiff's request. The objection is based on the claim that the amended count does not charge that the Public Service Company kept and maintained this pipe upon the bridge. We have already shown that that claim is unfounded. The court refused instruction No. 20, offered by defendants, which was to the effect that if there was any efficient, independent cause which contributed directly to the accident, other than the maintenance of the gas pipe, they should find the defendants not guilty. The contributory negligence of another party does not relieve a defendant from the consequences of its negligence. The effect of any contributory negligence by the plaintiff was covered by instructions Nos. 10, 14, 16, given. Instruction No. 21, offered by defendants, was properly refused because it was merely an abstract proposition of law, not applied at all to the case, and the jury very likely would not have understood how it should be applied. Instruction No. 24, refused, was contained in No. 10, given. Instruction 25 was properly refused because it invited the jury to speculate as to what might have happened if the gas pipe had not been upon the bridge. There was no such issue in the case, and there was positive proof that there was a guardrail which would have prevented plaintiff from driving into the bridge if this pipe had not been there. Instruction No. 31, offered by defendants, was properly refused because it was covered by Nos. 8, 10, 14, 16, given.

The bridge in question is very long; the driveway is 24 feet wide; the pipe in question is laid on the east side of that driveway; and under ordinary circumstances a party driving a vehicle south over the

bridge would have no occasion to be on the east side, but should drive on the west side. There is, however, on the west side a street railway track over which the traction company runs city street cars and the interurban company runs larger and heavier cars to and from Streator. East of the main way of the bridge and outside of the main steel structure is a sidewalk, which is somewhat higher than the floor of the bridge and extends a few inches into the driveway. This gas pipe was laid on the east side of the drive-way on the platform so extended from the sidewalk, but it was wider than that extension and projected over said extended platform into the driveway a few inches. The gas pipe was 7 inches in diameter and it had at the place in question, and at various other places on the bridge, expansion joints which extended out from the pipe at right angles 2 inches, and there were bolts extending north and south through and beyond said expansion joints with a nut on one end. The top of the expansion joints stood 15½ inches from the floor of the bridge. The bridge was very much used for public travel. As plaintiff drove south on the day in question he met a street car going north and his horse was somewhat frightened by its approach and veered to the east. After the street car went by, plaintiff drove around one vehicle that was in front of him driving very slowly, and hurried up in an effort to get across the brige before an interurban car which he saw approaching should come upon the bridge. That car, however, got upon the bridge before he had reached the south end, and his horse became sufficiently unmanageable so that it forced plaintiff's front wheel against this pipe and the wheel slid along upon the pipe until it reached this expansion joint. It was then impossible for the wheel to slide off from this joint, both because it was at right angles to the pipe and because of the nut upon the end of the bolt in the expansion joint. The right front wheel passed

over the expansion joint, and that sudden elevation of the wheel in passing over the joint tipped over the wagon, threw out the plaintiff, broke one thill, and the horse ran away. Defendants rely on the right of cities to have carriage blocks, hitching posts, curbing and trees in the street, and upon the obvious fact that people driving vehicles can run against those impediments and be injured, and upon decisions that cities under certain circumstances are not liable for damages incurred thereby. That principle is not fairly applicable to this case of a long bridge, traversed by street and interurban cars and traveled by very many vehicles in a day. The presence of the street car tracks and street cars on the west half of the bridge compelled plaintiff to drive upon the east part. Defendant's counsel figures that if plaintiff had driven his horse as near as he could to the street car without having his hub touch the car he would have been entirely away from this pipe. But it is obvious that a horse of very ordinary spirit would be inclined to sheer away from a car approaching him under such circumstances, and the city was bound to know that horses might be frightened by such street cars and turn still further to the east side of the bridge. In *City of Joliet v. Shufelt*, 42 Ill. App. 208, this court (by Cartwright, J.) said: "The running away of horses attached to vehicles is so clearly a common and ordinary accident that the nature of this runaway as belonging to an ordinary class of accidents cannot be questioned. There was nothing extraordinary in its nature, but it was one of the usual occurrences to be expected in the use of horses upon the streets, and appellant could not be injured by its being treated as such. Such an accident was treated by the Supreme Court as ordinary and of a class to be guarded against in *City of Lacon v. Page*, 48 Ill. 499." In the same case, *City of Joliet v. Shufeldt*, 144 Ill. 403, that court said: "The breaking of bridles and harness, and of

vehicles, are of constant occurrence. That horses, although otherwise tractable and gentle, are liable to, and do, run away when thus freed from restraint, is a common and ordinary experience against which every reasonable and prudent man takes precaution. There was nothing extraordinary in this horse running away, and it might reasonably have been anticipated. No one would think it necessary to prove that it was an accident likely to occur; it is a matter of common knowledge and experience." Elsewhere it is there held that the running or fright of a horse and negligence of a city producing an injury leave the city liable. *Village of Carterville v. Cook*, 129 Ill. 152; *Flanagan v. Wells Bros. Co.*, 237 Ill. 82; *Ford v. Hine Bros. Co.*, 237 Ill. 463. It is obvious that the jury might very properly find that it was negligence for the Public Service Company to maintain and for the city to permit the maintenance of this expansion joint upon that bridge, under all the circumstances stated. Defendants contend that the horse was running away and that this relieves them of responsibility. Not only is that position shown to be untenable, by the authorities above quoted from, but also there was positive evidence that the horse was not running until the wheel struck the expansion joint, and there was as much evidence of that as there was that the horse was running away before that time, and the jury could properly find from the evidence that the horse was not running away before the wheel struck the joint. Plaintiff struck the ground a number of feet south of the joint, and defendants contend that his fall from the wagon was therefore due to something which happened after the wagon passed over the expansion joint, and as the thill broke they contend they are not responsible for that and that that caused plaintiff to fall from the wagon. We do not doubt from the evidence that the passing of the wheel over the expansion joint caused the entire accident. As the ve-

562 APPELLATE COURTS OF ILLINOIS.

hicle was moving rapidly it would naturally carry plaintiff's body along with it some distance; but these were all questions of fact which have been determined against defendants by two juries, whose verdicts have been approved by two trial judges, and we are not authorized to further interfere on questions of fact in the present state of the record.

It is argued that the damages ($3,000) are excessive. Without describing plaintiff's injuries, we think it sufficient to say that they were severe and that the damages are not excessive.

Since this opinion was prepared the death of William C. Siegert has been suggested, and William C. Siegert, executor, has been substituted as appellee. The judgment is affirmed.

*Affirmed.*